United States District **Court**
Southern District of **Texas**
FILED

NOV 0 5 2003

**Michael N. Milby**
**Clerk of Court**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

DANNY HERMAN TRUCKING, INC.,        §
                                     §
        Plaintiff,                   §
                                     §        CIVIL ACTION NO. B-03-111
v.                                   §
                                     §
AUTO TRANSPORTES ROMEDU, S.A.        §
DE C.V., ROMULO MEJIA,               §
Individually, and ARNULFO AMADOR     §
RODRIGUEZ, Individually,             §
                                     §
        Defendants.                  §

## PLAINTIFF DANNY HERMAN TRUCKING, INC.'S
## MOTION TO TRANSFER VENUE

Plaintiff DANNY HERMAN TRUCKING, INC. files this motion to transfer venue under

28 U.S.C. § 1404(a), requesting transfer of this suit to the United States District Court for the

Eastern District of Texas, Tyler Division.

**I.**
**FACTUAL BACKGROUND**

1.      On April 14, 2003, TEAM AIR EXPRESS, INC. ("TEAM AIR") filed suit against

DANNY HERMAN TRUCKING, INC. ("DANNY HERMAN") in the 402nd District Court of

Wood County, Texas, claiming an interest in certain merchandise allegedly transported by

DANNY HERMAN or its agent across the border into Mexico without proper paperwork,

resulting in seizure of the merchandise by Mexican authorities, as shown by Exhibit "A." On

May 21, 2003, DANNY HERMAN removed the case to the United States District Court for the

Eastern District of Texas, Tyler Division, based on diversity, as shown by Exhibit "B."

2.      On June 12, 2003, DANNY HERMAN filed this suit alleging Defendants ROMEDU,

MEJIA, and RODRIGUEZ, acting without authority, transported the merchandise in question to

Mexico without proper paperwork, resulting in its seizure. On July 14, 2003, Defendants ROMEDU and MEJIA were served, as shown by filed returns. On August 8, 2003, DANNY HERMAN filed a third-party action against ROMEDU, MEJIA, and RODRIGUEZ in the Tyler suit based on similar allegations, as shown by Exhibit "C." However, DANNY HERMAN's process server in Brownsville stated he was unable to serve ROMEDU, MEJIA, and RODRIGUEZ with process in the third-party action. Further, counsel for ROMEDU and MEJIA declined to accept service on their behalf.

3.       Transfer of this case to Tyler would serve the interests of judicial efficiency and the convenience of parties and witnesses in the interest of justice because: (1) it would avoid duplicative trials in Tyler and Brownsville; (2) it would avoid the need to transfer the Tyler case, which was filed first and has progressed further; and (3) if the two cases are consolidated, it will be unnecessary to serve ROMEDU and MEJIA with process a second time.

4.       Further, TEAM AIR states its principal place of business is in Winnsboro, Texas. See Exhibit "A." TEAM AIR's corporate representatives are key witnesses in both the Tyler and Brownsville suits, likely possessing essential information concerning the merchandise and its value, its routing and handling, rights and obligations of the shipper and receiver, post-seizure negotiations with Mexican authorities, and related documentation (DANNY HERMAN has asked TEAM AIR to identify appropriate corporate representatives and produce them for deposition; TEAM AIR has not yet responded). Winnsboro is 572.2 miles from Brownsville, and only 50.3 miles from Tyler, according to the Texas Comptroller's Office's mileage guide. Thus, it would be more convenient for key witnesses to try this case in Tyler than in Brownsville.

## II.

## LEGAL STANDARD FOR TRANSFER OF VENUE AND APPLICATION

5.      The Court may transfer a suit to any other district or division where it might have been

brought for the convenience of parties and witnesses and in the interest of justice. 28 U.S.C. §

1404(a).  A transfer of venue is within the discretion of the trial court, Casarez v. Burlington

Northern/Santa Fe Co., 193 F.3d 334, 339 (5th Cir. 1999), and should be decided on an

"individualized, case-by-case" basis, Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29

(1988), based on both public and private interest factors, Houston Trial Reports, Inc. v. LRP

Publications, Inc., 85 F. Supp. 2d 663, 668 (S.D. Tex. 1999). The factors and analysis are the

same whether transfer is requested by plaintiff or defendant. Mohamed v. Mazda Motor Corp.,

90 F. Supp. 2d 757, 768 fn. 11 (E.D. Tex. 2000) (citing Ferens v. John Deere Co., 494 U.S. 516,

530 (1990) (treating plaintiff transfer motions the same as defendant motions to avoid

"undesirable complications" that would result from treating them differently)).

6.      Public interest factors include the "efficient administration of justice," the "conservation

of judicial resources" being a "primary consideration." Houston Trial Reports, Inc. v. LRP

Publications, Inc., 85 F. Supp. 2d 663, 671 (S.D. Tex. 1999). In particular, transfer is favored

where it "enable[s] different cases involving the same parties or issues to be heard in a single

forum." Id. (citing Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960) ("To permit

a situation in which two cases involving precisely the same issues are simultaneously pending in

different District Courts leads to the wastefulness of time, energy, and money that Section

1404(a) was designed to prevent"); Andrade v. Chojnacki, 934 F. Supp. 817, 834 (S.D. Tex.

1966) (holding that transfer was favored where it would avoid duplicative litigation)). In this

case, closely related suits are now pending in Tyler and Brownsville, favoring transfer of this suit to Tyler.

7.    In addition to avoiding duplicative litigation in Tyler and Brownsville, transfer of this case to Tyler would further promote the efficient administration of justice by avoiding the need to transfer the Tyler case, which was filed first and has progressed further, and if the two cases are consolidated, making it unnecessary to serve ROMEDU and MEJIA with process a second time.

8.    Among private interest factors, deference to the plaintiff's choice of forum is a primary consideration. See Mohamed v. Mazda Motor Corp., 90 F. Supp. 2d 757, 771-72 (E.D. Tex. 2000) (noting that courts generally concur that there is a "strong presumption" favoring the plaintiff's choice of forum, that the plaintiff's right to choose the forum is "well-established," and that the plaintiff's choice is usually "highly esteemed" and "entitled to great deference"). In this case, Plaintiff DANNY HERMAN's choice of forum is Tyler, as shown by this motion.

9.    Also paramount among private interest factors is the convenience of non-party witnesses. Id. at 774-5. In the Southern District of Texas, transfer is often granted where key non-party witnesses reside over a hundred miles from the courthouse. Dupre v. Spanier Marine Corp., 810 F. Supp. 823, 825 (S.D. Tex. 1993). As set forth in ¶ 4 above, TEAM AIR corporate representatives are key witnesses in this case; TEAM AIR's principal place of business is 572.2 miles from Brownsville and only 50.3 miles from Tyler, thus making it more convenient for these key witnesses to try this case in Tyler than in Brownsville.

10.    Based on the foregoing, DANNY HERMAN moves for transfer of this suit to the United States District Court for the Eastern District of Texas, Tyler Division.

### III.
### PRAYER

11.    WHEREFORE, Plaintiff DANNY HERMAN TRUCKING, INC. prays this suit be transferred to the United States District Court for the Eastern District of Texas, Tyler Division, and for such other and further relief to which it may be justly entitled at law or in equity.

Date on November 5, 2003.

Respectfully submitted,

**TORTEYA & TORTEYA, P.L.L.C.**

By: _____
**IGNACIO TORTEYA, III**
State Bar No. 00795685
Fed. I.D. No. 20917
700 E. Washington Street
Brownsville, Texas 78520
(956) 550-8373
FAX (956) 550-8353

**HICKS & LUCKY, P.C.**
**JEFFREY T. LUCKY**
State Bar No. 12667350
5812 Cromo Drive
El Paso, Texas  79912-5502
(915) 834-8400
FAX (915) 587-8401

**Attorneys for Plaintiff**
**DANNY HERMAN TRUCKING, INC.**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I certify that on the above date a true and correct copy of the foregoing document was delivered by certified mail, return receipt requested, to JAIME A. SAENZ, RODRIGUEZ, COLVIN & CHANEY, L.L.P., 1201 East Van Buren, P.O. Box 2155, Brownsville, Texas 78522, Attorney for Defendants ROMEDU and MEJIA.

_____
Ignacio Torteya, III

## VERIFICATION

State of Texas          §
El Paso County          §

    On this day, ARTHUR R. PIACENTI appeared before me, the undersigned notary public. After I administered an oath to him, upon his oath, he stated that he was competent to make an oath, had read the foregoing document, and the facts stated in it are within his personal knowledge and are true and correct.



                           AFFIANT

Sworn to and subscribed before me by _Art Piacenti_ on _Nov. 5th_,
2003.

                     SANDRA A. ORTIZ
                     MY COMMISSION EXPIRES
                     October 20, 20X

                          _Sandra A. Ortiz_
                          NOTARY PUBLIC

My commission expires: _10/20/04_

## CERTIFICATE OF CONFERENCE

    I certify that on November 4, 2003, upon conferral, JAIME SAENZ, Attorney for Defendants ROMEDU and MEJIA, stated he opposes the motion to transfer venue.

                           ARTHUR R. PIACENTI

K:\JTL\Team Express v. DHT 857-001\DHT v. Romedu\Plead\transfer.mot.doc*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| DANNY HERMAN TRUCKING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-03-111 |
| v. | § | |
| | § | |
| AUTO TRANSPORTES ROMEDU, S.A. | § | |
| DE C.V., ROMULO MEJIA, | § | |
| Individually, and ARNULFO AMADOR | § | |
| RODRIGUEZ, Individually, | § | |
| | § | |
| Defendants. | § | |

**ORDER SETTING HEARING ON**
**PLAINTIFF DANNY HERMAN TRUCKING, INC.'S**
**MOTION TO TRANSFER VENUE**

Upon considering Plaintiff DANNY HERMAN TRUCKING, INC.'S Motion to Transfer

Venue, the Court sets the motion for hearing on _____, 2003,  at _____

__. m. in the United States District Courthouse for the Southern District of Texas, Brownsville

Division.

Signed on _____, 2003.

_____
UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANNY HERMAN TRUCKING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-03-111 |
| v. | § | |
| | § | |
| AUTO TRANSPORTES ROMEDU, S.A. | § | |
| DE C.V., ROMULO MEJIA, | § | |
| Individually, and ARNULFO AMADOR | § | |
| RODRIGUEZ, Individually, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING
## PLAINTIFF DANNY HERMAN TRUCKING, INC.'S
## MOTION TO TRANSFER VENUE

After considering Plaintiff DANNY HERMAN TRUCKING, INC.'S Motion to Transfer

Venue and the response, the Court GRANTS the motion and transfers this suit to the United

States District Court for the Eastern District of Texas, Tyler Division.

Signed on _____, 2003.


_____
UNITED STATES DISTRICT JUDGE

# Exhibit
# A

04/28/03  09:01 FAX 4232823697

01/22/03  TUE 10:29 FAX 423 727 5873      DANNY HERMAN TR. -

FILED

NO. 2003-212

2003 APR 14  PM 3: 27

_____ CLERK
WOOD COUNTY COURT

TEAM AIR EXPRESS, INC.          §        IN THE DISTRICT COURT
d/b/a TEAM WORLDWIDE            §
                               §
vs.                            §        402 JUDICIAL DISTRICT TEXAS
                               §
DANNY HERMAN TRUCKING, INC.    §        WOOD COUNTY, TEXAS

## PLAINTIFF'S ORIGINAL PETITION

Team Air Express, Inc. d/b/a Team Worldwide, Plaintiff in the above-styled and numbered cause, files this its Original Petition, asserting a cause of action against Danny Herman Trucking, Inc. In support of this pleading, Team Air Express, Inc. d/b/a Team Worldwide, will respectfully show unto the Court the following:

### I. Discovery Control Plan

Discovery is intended to be conducted under Level II of Rule 190 of the Texas Rules of Civil Procedure.

### II. Parties

Team Air Express, Inc. d/b/a Team Worldwide ("Team Air Express"), Plaintiff, is a corporation organized under the laws of the State of Texas, whose principal place of business is Winnsboro, Wood County, Texas.

Danny Herman Trucking, Inc. ("Danny Herman Trucking"), Defendant, is a corporation organized under the laws of the State of California and registered to do business in the State of Texas. Danny Herman Trucking may be served with citation by serving its registered agent, CT Corporation System, at 350 N. St. Paul Street, Dallas, Texas 75201.

### III. Jurisdiction and Venue

The amount in controversy exceeds the minimum jurisdictional limits of this Court.

PLAINTIFF'S ORIGINAL PETITION - Page 1

04/28/03  03:02 FAX  123423000                                           ☑ 004

04/22/03  TUE 10:28 FAX 423 727 5675        DANNY HERMAN TR.-

Venue is proper in this Court. Pursuant to TEX. CIV. PRAC. & REM. CODE § 15.035(a), a suit

on a written contract can be brought in the county where the contract is to be performed. In the

contract at issue, charges related to the airbill are payable to Team Air Express in Winnsboro, Wood

County, Texas. *See* Exhibit "A," attached hereto and incorporated herein for all purposes.

## IV. Factual Background

On or about November 22, 2000, exporter Telular Corporation ("Telular") completed a

Certificate of Origin under the North American Free Trade Agreement relating to the following

merchandise: "Deskphone TDMA 800, Part No. 1D01A001." This merchandise consisted of cellular

phones that were intended to be used as deskphones in Mexico. The merchandise originated in

Mexico; the producer was ACT Manufacturing Inc. Valley Cargo, located in Brownsville, Texas,

was to receive this merchandise on behalf of Brightstar de Mexico, S.A. de C.V., the importer of the

merchandise.

The merchandise was released for delivery to Valley Cargo on May 11, 2001. Team Air

Express arranged for the shipment of the merchandise via Danny Herman Trucking.[1] Danny Herman

Trucking took possession of the merchandise in Mexico and delivered the trailer to a bonded yard

owned by Romedu Trucking in Brownsville, Texas. Romedu Trucking is an agent for Danny

Herman Trucking. After the trailer was delivered to Romedu Trucking, it was erroneously taken by

an unidentified driver. This driver is believed to be a subcontractor of Romedu Trucking. The driver

attached a cab to the trailer of merchandise and attempted to cross the border without the necessary

paperwork. The merchandise was thereafter seized by the Mexican authorities and remains in their

---

[1] After pre-clearance, the merchandise was to be transported to Brightstar de Mexico by an interchange
company.

PLAINTIFF'S ORIGINAL PETITION - Page 2

custody.  Team Air Express has made repeated efforts to attempt to obtain the release of the

merchandise, but these attempts have been unsuccessful.

### V. Cause of Action For Negligence

In order to sustain a cause of action for negligence, the plaintiff must prove 1) a legal duty

is owed by one party to another; 2) a breach of the duty; and 3) damages proximately caused by the

breach.  *See City of Gladewater v. Pike,* 727 S.W.2d 514, 517 (Tex. 1987).  Danny Berman

Trucking, a common carrier, owed a legal duty to Team Air Express to transport goods with

reasonable diligence, care, and dispatch. *See Mistletoe Express Serv. v. Sanchez,* 721 S.W.2d 418,

419–20 (Tex. App.—Corpus Christi 1986, writ ref'd n.r.e.). The trailer of merchandise was removed

from Romedu Trucking's bonded yard by an unidentified driver without any verification of the

contents of the trailer, thereby demonstrating a breach of this duty. Team Air Express has suffered

damages proximately caused by this breach. Team Air Express' customer, Telular, has invoiced

Team Air Express for the value of the shipment. Telular has refused to pay freight charges for the

shipment of the merchandise from Mexico to Brownsville, Texas. Further, Telular has refused to

pay freight charges with respect to other shipments and no longer engages in business dealings with

Team Air Express.

### VI. Cause of Action For Breach of Contract

In order to sustain a cause of action for breach of contract under common law, a plaintiff

must prove 1) there is a valid, enforceable contract; 2) the plaintiff performed or tendered

performance; 3) the defendant breached the contract; and 4) the defendant's breach caused the

plaintiff's injury. *See Southwell v. University of the Incarnate Word,* 974 S.W.2d 351, 354–55 (Tex.

App.—San Antonio 1998, pet. denied); *see also Hussong v. Schwan's Sales E_ter., Inc.,* 896 S.W.2d

320, 326 (Tex. App.—Houston [1st Dist.] 1995, no writ). All conditions precedent have been performed or have occurred.

There is a valid, enforceable contract with respect to the shipment at issue. The Team Air Express airbill relating to the shipment contains Terms and Conditions, setting forth the rights and obligations of each party. The airbill at issue is attached hereto as Exhibit "A," attached hereto and incorporated herein for all purposes. Team Air Express performed its obligations by making arrangements for the shipment of the merchandise from Mexico to Brownsville, Texas. Danny Herman Trucking breached the contract by failing to comply with its contractual obligations with respect to the shipment of the merchandise. The merchandise was taken from Romedu Trucking's bonded yard; therefore, the shipment of merchandise did not arrive at its final destination. Danny Herman Trucking's breach of the contract in question caused injury to Team Air Express. As previously mentioned, the merchandise did not arrive at its final destination. As a result, Telular has invoiced Team Air Express for the value of the shipment. Telular has refused to pay freight charges for the shipment of the merchandise from Mexico to Brownsville, Texas. Further, Telular has refused to pay freight charges with respect to other shipments and no longer engages in business dealings with Team Air Express. Finally, Plaintiff requests attorney's fees associated with its claim for breach of contract, as set forth in VIII below.

### VII. Cause of Action For Conversion

Defendant converted the property in question. To prove conversion, the following must be demonstrated: 1) the plaintiff owned, possessed or had the right to of immediate possession of the property; 2) the property was personal property; 3) the defendant wrongfully exercised dominion or control over the property; 4) the plaintiff demanded return of the property and defendant refused such return; and 5) the plaintiff suffered injury. *See United Mobile Networks, L.P. v Deaton*, 939 S.W.2d

04/28/03  09:02 FAX 4232223887
01-22-03  TUE 10:30 FAX 423 727 5675                 DANNY HERMAN TR.-

146, 148 (Tex. 1997); see also *Ojeda v. Wal-Mart Stores, Inc.*, 956 S.W.2d 704, 707 (Tex. App.—San Antonio 1997, pet. denied); *Apple Imports, Inc. v. Koole*, 945 S.W.2d 895, 899 (Tex. App.—Austin 1997, writ denied).

Team Air Express had the right of immediate possession of the personal property at issue. Team Air Express arranged for the shipment of the merchandise on behalf of Telular. Danny Herman Trucking's employee or agent exercised dominion or control over the property by attaching a cab to the trailer of merchandise at issue and attempting to cross the border into Mexico without the necessary paperwork. Innocent takers can be liable for conversion. *See Schwartz v. Pinnacle Comm.*, 944 S.W.2d 427, 432-33 (Tex. App.—Houston [14th Dist.] 1997, no writ); *see also Killian v. Trans Un. Leasing Corp.*, 657 S.W.2d 189, 192 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.). As a result of this taking, the merchandise was seized by the Mexican authorities. Team Air Express has suffered injury as a direct result of these actions. Telular has invoiced Team Air Express for the value of the shipment. Telular has also refused to pay freight charges for the shipment of the merchandise from Mexico to Brownsville, Texas. Further, Telular has refused to pay freight charges with respect to other shipments and the parties no longer engages in business dealings with one another. Finally, Team Air Express requests attorney's fees associated with its claim for conversion, as set forth below. Attorney's fees are recoverable when a conversion claim is based upon an oral or written contract. *See Shearer v. Allied Live Oak Bank*, 758 S.W.2d 940, 946 (Tex. App.—Corpus Christi 1988, writ denied). The Terms and Conditions listed on the reverse side of the relevant airbill demonstrate that a written contract existed with respect to this seized shipment.

## VIII. Attorney's Fees

Team Air Express seeks attorney's fees based upon its underlying causes of action. Team Air Express has pleaded for and is entitled to it attorney's fees pursuant to the contract and under

RECEIVED TIME  MAY 20  9.20AM          PRINT TIME 20 MAY 20  8.37AM    PAGE.08

TEX. CIV. PRAC. & REM. CODE §38.001. This claim is based upon a written contract, and is therefore eligible for the recovery of attorney's fees. *See* TEX. CIV. PRAC. & REM. CODE §38.001(8). Further, this claim is also based upon lost or damaged freight or express, and is also eligible for the recovery of attorney's fees under TEX. CIV. PRAC. & REM. CODE §38.001 (5). Plaintiff has presented a claim to Danny Herman Trucking, and such Defendant did not tender payment within 30 days after the claim was presented. All conditions precedent have been performed or have occurred.

## IX. Request for Disclosure

Pursuant to TEX. R. CIV. P. 194, Team Air Express requests that Danny Herman Trucking disclose, within fifty (50) days of service of this request, the information or material described in TEX. R. CIV. P. 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Team Air Express, Inc., Plaintiff in the above-styled and numbered case, respectfully requests that this Court enter judgment awarding the following relief:

1. Actual damages of the invoiced value of the freight at issue, the related freight charges, and a credit surcharge for the past-due freight charges;

2. Consequential damages representing the amount of outstanding Telular invoices with respect to additional invoices, in addition to a credit surcharge for the past-due invoices;

3. Costs of court;

4. Pre-judgment and post-judgment interest as provided by law;

5. Attorney's fees; and

6. Such other and further relief to which the Plaintiff may be justly entitled.

PLAINTIFF'S ORIGINAL PETITION - Page 6

04/28/03  09:02 FAX 4232823687
04/22/03  TUE 10:30 FAX 423 727 5679        DANNY HERMAN TR.-

Respectfully submitted,

WINSTEAD SECHREST & MINICK P.C.

By: _Michael C. Wright_

Michael C. Wright
State Bar No. 22049807
Jennifer Timmons
State Bar No. 24013638
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2199
(214) 745-5400 (Telephone)
(214) 745-5390 (Facsimile)

ATTORNEYS FOR PLAINTIFF
TEAM AIR EXPRESS, INC.

::ODMA\PCDOCS\Dallas_1\875935\2
1151:18992.0

9:15 a.m. — E.S.T. (8:15 a.m. EST)

(4)

RECEIVED TIME  MAY 20   8:28AM        PRINT TIME 02MAY 20   8:37AM        PAGE-18

# Exhibit
# B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

FILED-CLERK
DISTRICT COURT

03 MAY 21 PM 4: 47

TEXAS-EASTERN

BY

| | | |
|---|---|---|
| TEAM AIR EXPRESS, INC. | § | |
| d/b/a TEAM WORLDWIDE | § | |
| | § | Cause No. 6:03cv 242 |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DANNY HERMAN TRUCKING, INC. | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

TO THE UNITED STATES DISTRICT JUDGE:

Defendant, DANNY HERMAN TRUCKING, INC., by its undersigned attorneys, files this notice of removal under 28 U.S.C. § 1446(a).

1.    Plaintiff is TEAM AIR EXPRESS, INC. d/b/a TEAM WORLDWIDE. Plaintiff is a corporation incorporated in Texas. Its principal place of business is Winnsboro, Wood County, Texas.

2.    Defendant is a corporation incorporated in California. Its principal place of business is in Tennessee.

3.    On or about April 10, 2003, Plaintiff sued Defendant for negligence, breach of contract, and conversion in the 402nd Judicial District Court of Wood County, Texas, under Cause No. 2003-212.

4.    Defendant received Plaintiff's Original Petition and Citation on April 21, 2003. Thus, Defendant timely filed this notice of removal within the 30-day period required under 28 U.S.C. §1446(b).

1

5.    Removal is proper because there is complete diversity between the parties. 28 U.S.C. §

1332(a). Plaintiff is a citizen of Texas since it is both incorporated in Texas and has its principal

place of business in Texas. Defendant is not a citizen of Texas, since it is incorporated in

California and has its principal place of business in Tennessee. See 28 U.S.C. § 1332(c)(1)

(providing that a corporation is a citizen of its state of incorporation and the state where it has its

principal place of business).

6.    Although Defendant denies liability and disputes the amount in controversy, the amount

in controversy exceeds $75,000, excluding interest, costs, and attorney fees. In its state court

pleading, Plaintiff alleges "[t]he amount in controversy exceeds the minimum jurisdictional

limits of this Court." Where a specific damages amount is not pled, the amount in controversy

must be shown to exceed $75,000 by a preponderance of the evidence. White v. FCI USA, INC.,

319 F.3d 672, 675 (5th Cir. 2003). The District Court must first examine the complaint to

determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. Id. If

it is not thus apparent, the Court may rely on summary-judgment-type evidence to ascertain the

amount in controversy. Id. The removing party may "support federal jurisdiction by setting forth

the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that

support a finding of the requisite amount." Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335

(5th Cir. 1995).

7.    Plaintiff is suing for negligence, breach of contract, and conversion. In its state court

petition, Plaintiff alleges it arranged for Defendant to transport 17,472 desk phones, which failed

to reach their intended destination because of the acts of a third party. See Plaintiff's Petition and

its Exhibit "A," both of which are attached to this notice as part of Exhibit "A." Plaintiff alleges

its damages include the value of the shipment, freight charges for the shipment, freight charges

2

for other shipments by the same customer, and loss of the customer's business. From these facts alleged in Plaintiff's petition, it is facially apparent that Plaintiff's claims more likely than not exceed $75,000. Further, Plaintiff has sent a written demand to Defendant for $1,123,200 in regard to this claim, which is greatly in excess of the jurisdictional amount. See Exhibit "B" to this notice.

8.    All pleadings, process, and orders served upon Defendant in the state court action are attached to this notice as Exhibit "A" as required by 28 U.S.C. § 1446(a). Also attached to this notice as Exhibit "C" is a civil cover sheet, a certified copy of the docket sheet in the state court action, a list of parties and current status of the removed case, a complete list of attorneys, a record of jury trial requests, and the name and address of the state court.

9.    Removal is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place where the removed action has been pending.

10.    Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the removed action has been pending.

11.    Pursuant to 28 U.S.C. § 1332(a), federal district courts have original jurisdiction where the matter in controversy exceeds $75,000 and is between citizens of different states. Accordingly, Defendant seeks to remove this action to the U.S. District Court for the Eastern District of Texas, Tyler Division, on grounds that this Court has original jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a)(1).

WHEREFORE, Defendant DANNY HERMAN TRUCKING, INC. prays that the entire above-entitled state court action be removed from the 402nd District Court of Wood County, Texas to the United States District Court for the Eastern District of Texas, Tyler Division, on this 21st day of May, 2003, pursuant to the statutes and rules cited in this notice.

3

Respectfully submitted,

HICKS & LUCKY
A Professional Corporation
5812 Cromo Drive
El Paso, TX 79912
(915) 834-8400
(915) 587-8401- Facsimile

DATED: May 21, 2003          By:   _Larry W. Hicks / by Mark Taylor with permission_

LARRY W. HICKS
State Bar No. 09578500
hicks@hicksandlucky.com
ATTORNEY IN CHARGE

COWLES & THOMPSON, P.C.
MARK A. TAYLOR
State Bar Card No. 24008128
P.O. Box 239
Tyler, Texas 75710
(903) 596-9000
(903) 596-9005 – Facsimile
mtaylor@cowlesthompson.com

ATTORNEYS FOR DEFENDANT,
DANNY HERMAN TRUCKING, INC.

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I certify that on the above date a true and correct copy of the foregoing document was delivered by certified mail, return receipt requested to **Michael C. Wright**, Winstead Sechrest & Minick P.C., 5400 Renaissance Tower, 1201 Elm Street, Dallas, Texas 75270, Attorney for Plaintiff.

OF COUNSEL

4

# Exhibit
# C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

03 AUG -8 PM 3: 28

TEXAS EASTERN

BY_____ _____

| | | |
|---|---|---|
| TEAM AIR EXPRESS, INC. | § | |
| d/b/a TEAM WORLDWIDE | § | |
| | § | Cause No. 6:03CV242-WMS |
| Plaintiff, | § | JURY |
| | § | |
| v. | § | |
| | § | |
| DANNY HERMAN TRUCKING, INC. | § | |
| | § | |
| Defendant and Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| AUTO TRANSPORTES ROMEDU, S.A. | § | |
| DE C.V., ROMULO MEJIA, | § | |
| Individually, and ARNULFO AMADOR | § | |
| RODRIGUEZ, Individually, | § | |
| | § | |
| Third-Party Defendants. | § | |

### THIRD-PARTY PLAINTIFF DANNY HERMAN TRUCKING, INC.'S ORIGINAL COMPLAINT AGAINST THIRD-PARTY DEFENDANTS AUTO TRANSPORTES ROMEDU, S.A. DE C.V., ROMULO MEJIA, INDIVIDUALLY, AND ARNULFO AMADOR RODRIGUEZ, INDIVIDUALLY

#### A. Parties

1.    Plaintiff TEAM AIR EXPRESS, INC. d/b/a TEAM WORLDWIDE is a corporation incorporated in Texas. Its principal place of business is Winnsboro, Wood County, Texas.

2.    Defendant and Third-Party Plaintiff DANNY HERMAN TRUCKING, INC. ("DANNY HERMAN TRUCKING") is a California corporation. Its principal place of business is in Tennessee.

3.    Plaintiff sued Defendant for negligence, breach of contract, and conversion in the 402nd Judicial District Court of Wood County, Texas, under Cause No. 2003-212. This state suit was timely and properly removed to this Court.

4.    Third-Party Defendant AUTO TRANSPORTES ROMEDU, S.A. DE C.V., ("ROMEDU") is a Mexican corporation. Its principal place of business is in Mexico. It may be served under the terms of the 1965 Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. It may also be served under the terms of the 1975 Inter-American Convention on Letters Rogatory and the 1979 Additional Protocol to the Inter-American Convention on Letters Rogatory, or by any method otherwise allowed by the Federal Rules of Civil Procedure. ROMEDU may be served with process at its principal office or place of business located at Av. Lauro Villar KM. 1.5 #60 Col. Puertas Verdes, Mexico, or at any other address where it may be properly served.

5.    In the alternative, ROMEDU may be served with process by personal delivery, certified mail, restricted delivery, return receipt requested or by any other means allowed under the Federal Rules of Civil Procedure directed to Romulo Mejia, or to an officer or any other individual in their capacity as principal, proprietor, officer, partner, managing agent or a duly authorized agent for service at 970 S. Indiana Avenue, Brownsville, Texas 78521, or wherever they may be found.

6.    Third-Party Defendant ROMULO MEJIA, Individually (MEJIA), is a Mexican citizen who resides in Mexico and may be served under the terms of the 1965 Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. He may also be served under the terms of the 1975 Inter-American Convention on Letters Rogatory and the 1979 Additional Protocol to the Inter-American Convention on Letters Rogatory, or by any method otherwise allowed by the Federal Rules of Civil Procedure. MEJIA may be served with process at Av. Lauro Villar KM. 1.5 #60 Col. Puertas Verdes, Mexico, or at any other address where he may be properly served.

7.     In the alternative, MEJIA may be served with process by personal delivery, certified mail, restricted delivery, return receipt requested or by any other means allowed under the Federal Rules of Civil Procedure at 970 S. Indiana Avenue, Brownsville, Texas 78521, or wherever he may be found.

8.     Third-Party Defendant ARNULFO AMADOR RODRIGUEZ, Individually ("RODRIGUEZ"), is a Mexican citizen who resides in Mexico. He may be served under the terms of the 1965 Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.  He may also be served under the terms of the 1975 Inter-American Convention on Letters Rogatory and the 1979 Additional Protocol to the Inter-American Convention on Letters Rogatory, or by any method otherwise allowed by the Federal Rules of Civil Procedure. RODRIGUEZ may be served with process at his place of employment at Av. Lauro Villar KM. 1.5 #60 Col. Puertas Verdes, Mexico, or at Calle Luis Echeverria Alvarez numero 14, colonia Miguel Hidalgo, en la ciudad de Matamoros, Tamaulipas, or at 27 y 25 Herrera Torres numero 1142, colonia Heroe de Nacozari, ciudad Victoria, Tamaulipas, or at any other address where he may be properly served.

9.     In the alternative, RODRIGUEZ may be served with process by personal delivery, certified mail, restricted delivery, return receipt requested or by any other means allowed under the Federal Rules of Civil Procedure at 970 S. Indiana Avenue, Brownsville, Texas 78521, or wherever he may be found.

### B. Jurisdiction

10.     The Court has jurisdiction under 28 U.S.C. § 1332(a)(1) and (2) because this suit is between a citizen of a state and a citizen of another state, and between a citizen of a state and citizens and subjects of a foreign state, and the amount in controversy exceeds $75,000,

ORIGINAL COMPLAINT OF
THIRD-PARTY PLAINTIFF DANNY HERMAN TRUCKING, INC.                    PAGE 3 OF 7

excluding interest and costs, as described in Paragraph 13 below.

### C. Venue

11.     Venue for this third-party claim is proper in the Eastern District of Texas under 28 U.S.C.

§ 1441(a) because this district and division embrace the place where the removed action was

pending, among other reasons.

### D. Facts

12.     On or about May 15, 2001, RODRIGUEZ, a truck driver, acting as an employee or

independent contractor under the control of MEJIA and ROMEDU, attached a cab to a trailer at

DANNY HERMAN TRUCKING's yard in Brownsville, Texas. Neither MEJIA, ROMEDU nor

RODRIGUEZ had authority to hook up or move the trailer in question. RODRIGUEZ then drove

the cab and trailer across the border into Mexico without proper paperwork, where the trailer was

seized by Mexican authorities.

13.     Paperwork indicates the trailer contained merchandise consisting of telephone equipment.

Plaintiff TEAM AIR EXPRESS, INC., the freight broker, has demanded payment from DANNY

HERMAN TRUCKING in the amount of $1,123,200.00 for the merchandise, and has sued

DANNY HERMAN TRUCKING for this amount and related charges.

### E. Count 1—Negligence

14.     MEJIA, ROMEDU and RODRIGUEZ acted negligently. MEJIA, ROMEDU and

RODRIGUEZ had a duty to DANNY HERMAN TRUCKING to exercise reasonable care in

conducting business in DANNY HERMAN TRUCKING's yard, and breached that duty by

removing the trailer from the yard and driving the trailer into Mexico without authority and

without proper paperwork. MEJIA, ROMEDU and RODRIGUEZ's conduct proximately caused

damages of which DANNY HERMAN TRUCKING complains.   MEJIA, ROMEDU and

RODRIGUEZ also breached other duties which constituted negligence and which proximately caused damages incurred by DANNY HERMAN TRUCKING.

### F. Count 2—Conversion

15.    MEJIA, ROMEDU and RODRIGUEZ are liable for conversion of the trailer and its contents. DANNY HERMAN TRUCKING had in its possession and had the right to immediately possess the trailer and its contents. MEJIA, ROMEDU and RODRIGUEZ wrongfully exercised control over such personal property by removing it from DANNY HERMAN TRUCKING's yard and driving it into Mexico without authority and without proper paperwork. DANNY HERMAN TRUCKING demanded return of the trailer and its contents, and MEJIA, ROMEDU and RODRIGUEZ refused. MEJIA, ROMEDU and RODRIGUEZ's conduct proximately caused damages of which DANNY HERMAN TRUCKING complains.

### G. Count 3—Indemnity and Contribution

16.    Based on the foregoing facts in Paragraphs 12 through 15, which are incorporated by reference herein, in the unlikely event DANNY HERMAN TRUCKING is found to have any liability, DANNY HERMAN TRUCKING is entitled to indemnity, contribution, and a defense by and from MEJIA, ROMEDU and RODRIGUEZ under common law, statute, including Chapters 32 and 33 of the Texas Civil Practice and Remedies Code, and any applicable contract. MEJIA, ROMEDU and RODRIGUEZ are responsible third parties under Chapter 33 of the Texas Civil Practice and Remedies Code with respect to the claims against DANNY HERMAN TRUCKING by TEAM AIR EXPRESS, INC.

### H. Count 4—Attorney's Fees

17.    DANNY HERMAN TRUCKING is entitled to attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code and any other applicable law.

**ORIGINAL COMPLAINT OF**
**THIRD-PARTY PLAINTIFF DANNY HERMAN TRUCKING, INC.**                          **PAGE 5 OF 7**

## I. Damages

18.    Because of MEJIA, ROMEDU and RODRIGUEZ's conduct, DANNY HERMAN TRUCKING was deprived of the trailer and its contents, became the subject of a demand for $1,123,000.00 by TEAM AIR EXPRESS and a suit for this amount and related charges, and lost future business with TEAM AIR EXPRESS, the shipper, and the receiving party. DANNY HERMAN TRUCKING's damages further include the value of damages claimed by TEAM AIR EXPRESS, INC. or other interested party in any related claim, and the cost of defending the suit brought against DANNY HERMAN TRUCKING by TEAM AIR EXPRESS, INC.

## J. Jury Demand

19.    DANNY HERMAN TRUCKING demands a trial by jury in accordance with Federal Rule of Civil Procedure 38 and any other applicable law.

## K. Prayer

20.    Third-Party Plaintiff DANNY HERMAN TRUCKING, INC. prays that it have and recover against Third-Party Defendants AUTO TRANSPORTES ROMEDU, S.A. DE C.V., ROMULO MEJIA and ARNULFO AMADOR RODRIGUEZ damages, attorney's fees, costs, pre- and post-judgment interest, and such other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,

**HICKS & LUCKY**
A Professional Corporation
5812 Cromo Drive
El Paso, Texas 79912-5502
915/834-8400
FAX 915/587-8401

DATED: August 8, 2003    By: Larry W. Hicks by Mark Taylor with permission
                            LARRY W. HICKS

**ORIGINAL COMPLAINT OF**
**THIRD-PARTY PLAINTIFF DANNY HERMAN TRUCKING, INC.**        **PAGE 6 OF 7**

State Bar No. 09578500
hicks@hicksandlucky.com
ATTORNEY IN CHARGE

**COWLES & THOMPSON, P.C.**
**MARK A. TAYLOR**
State Bar No. 24008128
P.O. Box 239
Tyler, Texas 75710
(903) 596-9000
(903) 596-9005 FAX
mtaylor@cowlesthompson.com

**ATTORNEYS FOR DEFENDANT**
**AND THIRD-PARTY PLAINTIFF**
**DANNY HERMAN TRUCKING, INC.**