United States District Court
Southern District of Texas
FILED

NOV 0 7 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANNY HERMAN TRUCKING, INC. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. B-03-111 |
| AUTO TRANSPORTES ROMEDU, S.A. | § | |
| DE C.V., ROMULO MEJIA, | § | |
| Individually and ARNULFO AMADOR | § | |
| RODRIGUEZ, Individually | § | |
| Defendants. | § | |

## DEFENDANTS AUTO TRANSPORTES ROMEDU, S.A. DE C.V.'S AND ROMULO MEJIA'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT THEREOF

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Defendants herein, AUTO TRANSPORTES ROMEDU, S.A. DE C.V. and ROMULO MEJIA by and through their undersigned attorney, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, file this their Motion for Summary Judgment and in Support thereof file the following:

## I.
## ALLEGATIONS

This lawsuit was filed by Danny Herman Trucking, Inc. against the Defendants Auto Transportes Romedu, S.A. de C.V., Romulo Mejia and Arnulfo Amador Rodriguez. This action is essentially a contribution action that has been filed by the Plaintiff Danny Herman Trucking, Inc. arising out of the seizing of a certain cargo on or about May 15, 2001 by Mexican customs. On or about that date, the driver of the tractor trailer, Arnulfo Amador Rodriguez, entered into Mexico without the proper customs documentation and the tractor and trailer were seized.

The Plaintiff Danny Herman Trucking has alleged that the Co-Defendant Arnulfo Amador Rodriguez, who has yet to file an answer herein, was an employee of Auto Transportes Romedu and/or Mr. Mejia and that these Defendants were therefore responsible for the seizing of the cargo. A separate action against Danny Herman Trucking, Inc. has been filed by Air Express in the United States District Court, Eastern District, Tyler Division. These Defendants apparently have been sued as Third-Party Defendants but have not been served in that action. This lawsuit is seeking the same relief as in the Third-Party Petition filed by Danny Herman Trucking in the Tyler action.

## II.
## FACTS

In support of this Motion, the Defendants herein refer to the Affidavit of Defendant Romulo Mejia as Exhibit "A", attached hereto and incorporated herein for all purposes. As Exhibit "A" sets forth, Mr. Mejia, as the owner and operator of the Defendant Auto Transportes, has provided summary judgment proof to this Court that the Co-Defendant, Mr. Rodriguez, is not currently and has never been an employee of Auto Transportes. Additionally, Exhibit "A" sets forth that Mr. Rodriguez was never dispatched by Auto Transportes and has never given the authority in any manner whatsoever to pick up loads or cargo for or on behalf of Auto Transportes.

The summary judgment proof herein further includes Exhibit "B", which is the official notice to Mr. Rodriguez from the Tribunal Federal de Justicia Fiscal y Administrativa. See Exhibit "B" attached hereto and incorporated herein for all purposes. Exhibit "B" refers to the confiscated tractor as a 1983 international tractor, license plate number 2DT-536 and the trailer as a 2000 Hyundai, number 53-330. As the summary judgment proof sets out in Exhibit "A", Auto Transportes did not own the confiscated tractor and trailer.

The summary judgment proof set out in Exhibit "A" further shows that Mr. Mejia and Auto Transportes had no knowledge of the load that was taken into Mexico on or about May 15, 2001 and that if there was any pick up or delivery at Danny Herman Trucking, it was done without the express or implied consent by Defendants herein.

### III.
### ARGUMENT AND AUTHORITIES

As the movants, Auto Transportes and Mr. Mejia have the initial burden to show from the evidence in the summary judgment record that there is "no genuine issue as to any material fact." Fed.R.Civ.Proc. 56(c). Once the movants meet their burden of showing the absence of a factual dispute, the burden shifts to the non-movant to produce evidence or designate specific facts showing the existence of a genuine issue for trial. Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000); see also Forsyth v. Barr, 19 F.3d 1527 (5th Cir.) cert. denied, 513 U.S. 871 (1994). A party may not rest upon mere allegations or denials within the pleadings. Where a party bears the burden of proof at trial, it must ".... make a showing sufficient to establish the existence of each essential element to [its] case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). An alleged factual dispute will not defeat the motion unless it is genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Plaintiff must present more than a scintilla of evidence to defeat the Motion for Summary Judgment. This evidence must do more than create a metaphysical doubt. Matshushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986). Plaintiff must produce evidence upon which a jury could reasonably base a verdict in her favor. Anderson, supra, 477 U.S. at 249. Unsubstantiated opinions and speculation do not suffice. Forsyth, supra.

In this case, the material fact is whether or not Mr. Rodriguez was an employee of the Defendants herein and/or whether the tractor or trailer was owned by the Defendants. The summary judgment evidence submitted to the Court clearly establishes that Mr. Rodriguez was not an employee of Auto Transportes and further that the tractor and trailer seized by Mexican customs was not a tractor and trailer owned by Auto Transportes. There is no factual dispute concerning these issues. The conclusive summary judgment proof therefore clearly establishes that Plaintiffs cannot maintain its contribution action and that they have mistakenly sued the wrong parties.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court grant their Motion for Summary Judgment and grant them such other and further relief, at law or in equity, as they may be justly entitled to receive.

Respectfully submitted,

By: _____
     Jaime A. Saenz
     State Bar No. 17514859
     Joseph A. "Tony" Rodriguez
     State Bar No. 17146600
     1201 East Van Buren
     Post Office Box 2155
     Brownsville, Texas 78522
     Telephone:  (956) 542-7441
     Facsimile: (956) 541-2170

ATTORNEYS FOR DEFENDANT
AUTO TRANSPORTES ROMEDU S.A. de C.V.
and ROMULO MEJIA

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 7, 2003, I conferred with Plaintiff's counsel about the filing of this motion and he is opposed/not opposed to the filing of this Motion.

Jaime A. Saenz

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2003, a true and correct copy of the above and foregoing document was forwarded via U.S certified mail return receipt requested, U.S. first class mail, facsimile transmission, and/or hand delivery to all counsel of record as herein below noted:

**VIA CMRRR - 7002 2030 0007 0998 0131**
Igancio Torteya, III
Torteya & Torteya, P.L.L.C.
700 E. Washington Street
Brownsville, Texas 78520

Jaime A. Saenz

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANNY HERMAN TRUCKING, INC. | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. B-03-111 |
| AUTO TRANSPORTES ROMEDU, S.A. | § | |
| DE C.V., ROMULO MEJIA, | § | |
| Individually and ARNULFO AMADOR | § | |
| RODRIGUEZ, Individually | § | |
|     Defendants. | § | |

## ORDER GRANTING DEFENDANTS AUTO TRANSPORTES ROMEDU, S.A. DE C.V.'S AND ROMULO MEJIA'S MOTION FOR SUMMARY JUDGMENT

On this day came on for consideration Defendants Auto Transportes Romedu, S.A. de C.V.'s and Romulo Mejia's Motion for Summary Judgment and Brief In Support and the Court, having considered the evidence and argument of counsel, is of the opinion that Auto Transportes Romedu, S.A. De C.V.'s and Romulo Mejia's Motion should be GRANTED.

It is therefore ORDERED that Defendants' Auto Transportes Romedu, S.A. De C.V.'s and Romulo Mejia's Motion for Summary Judgment be, and is hereby, GRANTED. It is further ORDERED that all claims and causes of action of Plaintiff Danny Herman Trucking, Inc. are hereby dismissed with prejudice.  All costs of court are assessed against Plaintiff.

SIGNED this _____ day of _____, 2003 at Brownsville, Texas.


_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANNY HERMAN TRUCKING, INC. | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. B-03-111 |
| AUTO TRANSPORTES ROMEDU, S.A. | § | |
| DE C.V., ROMULO MEJIA, | § | |
| Individually and ARNULFO AMADOR | § | |
| RODRIGUEZ, Individually | § | |
|     Defendants. | § | |

## ORDER SETTING HEARING ON DEFENDANTS AUTO TRANSPORTES ROMEDU, S.A. DE C.V.'S AND ROMULO MEJIA'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

On this day came on for consideration Defendants' Auto Transportes Romedu, S.A. de C.V. and Romulo Mejia's Motion for Summary Judgment and the Court, having considered the Motion, is of the opinion that said Motion should be set for hearing.

IT IS FURTHER ORDERED that the Motion be set for hearing on the _____ day of _____, 2003 in the United State District Courthouse for the Southern District of Texas, Brownsville Division.

SIGNED this _____ day of _____, 2003 at Brownsville, Texas.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANNY HERMAN TRUCKING, INC. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. B-03-111 |
| AUTO TRANSPORTES ROMEDU, S.A. | § | |
| DE C.V., ROMULO MEJIA, | § | |
| Individually and ARNULFO AMADOR | § | |
| RODRIGUEZ, Individually | § | |
| Defendants. | § | |

## DECLARACION JURADA DE ROMULO MEJIA

Mi nombre es Romulo Mejia, soy mayor de diesiocho anos de edad y estoy calificado para hacer esta declaracion:

"Mi nombre es Romulo Mejia. Yo soy el propretario y operador de Auto Transportes Romedu, S.A. de C.V. (mas abajo "Auto Transportes"). Mi compania y yo somos los Demandados en la demanda anteriormente mencionada. He sido informado de las allegaciones contra mi y de Auto Transportes y ademas tengo una comprension general del los hechos circunstanciales que llegaron a la detencion del cargamento el dia 15 de mayo del 2001.

Se ha mencionado en esta demanda que el Demandado Arnulfo Amador Rodriguez es empleado de Auto Transportes y/o de mi mismo. El senor Rodriguez no es ni ha sido nunca un empleado de mi compania. Ademas, en ningun momento el senor Rodriguez has sido despachado por Auto Transportes ni se le ha dado autorisacion de ninguna manera cualquiera para levantar cargas para o de parte de mi o Auto Transportes.

El tractor y la traila que se detuvieron en o alrededor del dia 15 de mayo del 2001 por la Aduana Mexicana no son propiedad ni manejadas por mi o Auto Transportes. Yo incluyo una copia del aviso official al senor Rodriguez del Tribunal Federal De Justicia Fiscal y Administrativa. El aviso refiere al tractor confiscado como un modelo 1983 con numero de placa internacional 2DT-536 y la traila como un modelo Hyundai 2000, numero 53-330. Vea el documento de prueba

"A" unido a este e incorporado adjunto para todos los propositos. El tractor y la traila detenidos y notados no son propiedad de Auto Transportes. En apoyo adicional, aqui incluyo una lista de todos los tractores y trailas poseidas por Auto Tranportes en el ano 2001. Vea el documento de prueba "B" unido a este e incorporado adjunto para todos los propositos. La lista no incluye el tractor ni la traila detenida. El tractor y la traila no eran propiedad mia ni de Auto Transportes. Ademas, oficiales de la aduana mexicana en ningun momento se pusieron en contacto conmigo ni con mi compania indicando o representando que mi compania tenia algun conosimiento cualquiera de la carga que fue ultimamente confiscada.

Especificamente, en o alrededor del 15 de mayo del 2001, si el senor Rodriguez fue el conductor del tractor y la traila cuyo carga fue ultimadamente confiscada por la aduana mexicana, yo no tuve conosimiento del despacho y si uvo algun pedido para recojer or entregar fue hecho sin mi conosimiento. Aunque Auto Transportes hace negocio con el Demandante, Danny Herman Trucking, Inc., esta carga en particular, fue transportado sin el conosimiento de nadie en mi compania y ciertamente sin aprobacion y asentimiento de mi parte."

Esta declaracion es sierta y correcta.

_____
Romulo Mejia

SUBSCRIBED, SWORN TO, AND GIVEN under my hand and seal of office this
10th day of November , 2003.

_____
Notary Public - State of Texas
Printed Name: Maria Benavides
Commission Expires: May 22, 2005

MARIA BENAVIDES
Notary Public
State of Texas
My Commission Expires
May 22, 2005



TRIBUNAL FEDERAL
DE JUSTICIA
FISCAL Y ADMINISTRATIVA

DEPENDENCIA: SALA REGIONAL DEL GOLFO
NORTE

OFICIO NUMERO : SRGN-2-8657/02

EXPEDIENTE: 581/02-18-01-5

ASUNTO: SE NOTIFICA SENTENCIA DE FECHA 4 DE
SEPTIEMBRE DE 2002.

CD. VICTORIA, TAMAULIPAS, 19 de Septiembre de
2002

ARNULFO AMADOR RODRIGUEZ
CALLE 27 Y 28 CARRERA TORRES No. 1142
COL. HEROES DE NACOZARI
VICTORIA, TAMAULIPAS

*Por vía de notificación le remito copia de la sentencia pronunciada en el juicio promovido por Usted en contra de varias autoridades.*

ATENTAMENTE
SUFRAGIO EFECTIVO, NO REELECCION

El actuario
LIC. ROBERTO DUQUE RODRIGUEZ

SRGN-2-8658/02          ADMINISTRACION LOCAL JURIDICA DE CD. VICTORIA,
                       TAMAULIPAS EN CALIDAD DE REPRESENTANTE EN JUICIO DEL
                       C. PRESIDENTE DEL SERVICIO DE ADMINISTRACION
                       TRIBUTARIA Y DE LA AUTORIDAD DEMANDADA.

AL CONTESTAR ESTE OFICIO CÍTENSE LOS DATOS CONTENIDOS EN EL ÁNGULO SUPERIOR DERECHO





TRIBUNAL FEDERAL
DE JUSTICIA
FISCAL Y ADMINISTRATIVA

SALA REGIONAL DEL GOLFO NORTE
EXPEDIENTE: 581/02-18-01-5
ACTOR: ARNULFO AMADOR RODRÍGUEZ.
AUTORIDAD DEMANDADA: ADUANA DE
MATAMOROS, TAMAULIPAS

Ciudad Victoria, Tamaulipas, a los **cuatro días del mes de Septiembre de dos mil dos. VISTOS** para resolver en definitiva los autos del juicio al rubro citado, abierto a nombre de ARNULFO AMADOR RODRÍGUEZ., en contra de la resolución emitida por la Aduana de Matamoros, Tamaulipas, dependiente del Servicio de Administración Tributaria de la Secretaría de Hacienda y Crédito Público e integrada la **Sala Regional del Golfo Norte** del Tribunal Federal de Justicia Fiscal y Administrativa, por los Magistrados **Rosa H. Círigo Barrón**, como Instructora del presente juicio, **Raúl Lerma Jasso**, como Presidente y **Alonso Pérez Becerril**, con la asistencia del Secretario de Acuerdos Licenciado **Guillermo García Manzo**, se procedió a dictar sentencia definitiva en los siguientes términos:

R E S U L T A N D O:

1°. - Por escrito presentado en esta Sala Regional del Golfo Norte el día veintiséis de febrero de dos mil dos, **ARNULFO AMADOR RODRÍGUEZ**, compareció a demandar la nulidad de la resolución contenida en el oficio número 326-SAT-XXIV-011425 fecha doce de Noviembre de dos mil uno, **emitida por el Administrador de la Aduana de Matamoros, Tamaulipas, a través de la cual se determinó un crédito fiscal a cargo del demandante en cantidad de $2'950,714.40, por concepto de Impuestos al Comercio Exterior, Impuesto al Valor Agregado, Cuota Compensatoria, multas y recargos,** para lo cual relató

SALA REGIONAL DEL GOLFO NORTE
EXPEDIENTE: 581/02-18-01-5
ACTOR: ARNULFO AMADOR RODRÍGUEZ.
AUTORIDAD DEMANDADA: ADUANA DE
MATAMOROS, TAMAULIPAS.

3

TRIBUNAL FEDERAL
DE JUSTICIA
FISCAL Y ADMINISTRATIVA

como ejes rectores de todo acto de autoridad; Que todo acto de autoridad debe

estar fundado y motivado, situación que no se respeta en la especie, por lo que es

manifiesta la ausencia de todo principio de legalidad y seguridad jurídica

plasmados en los artículos 14 y 16 Constitucionales, toda vez que si bien es cierto

la Administración de la Aduana Fronteriza de Matamoros, Tamaulipas, que decretó

el embargo precautorio de la mercancía plasmada en el Acta número F.D. 005 lo

hace en apego a lo dispuesto en la fracción X del artículo 144 de la Ley Aduanera,

también es cierto que la autoridad administrativa únicamente se encuentra

facultada constitucionalmente para practicar visitas domiciliarias, por ello dicho

acto de autoridad aún y cuando se sujete a las disposiciones de la Ley Aduanera,

se encuentra viciado de inconstitucionalidad, máxime que la única autoridad

competente para practicar embargos, es la autoridad judicial y no la administrativa.

Por su parte, la autoridad demandada al contestar la demanda, adujo

sustancialmente que el agravio antes expuesto resulta ineficaz por inoperante,

además de infundado, en virtud de que la resolución combatida cumple con las

formalidades exigidas por los artículos 38, fracción III, del Código Fiscal de la

Federación y 16 de la Constitución; Que contrario a lo afirmado por el actor, la

autoridad demandada al decretar el embargo de la mercancía y el medio en que

se transporta, lo hizo en estricto apego a derecho, de conformidad con lo

dispuesto en el artículo 31, fracción II, en relación con el artículo 29, fracción XIII,

39, Apartado C, orden 22, del Reglamento Interior del Servicio de Administración

Tributaria, publicado en el Diario Oficial de la Federación, el 22 de marzo de 2001,

así como en los artículos 144 y 151, de la Ley Aduanera.



SALA REGIONAL DEL GOLFO NORTE
EXPEDIENTE: 581/02-18-01-5
ACTOR: ARNULFO AMADOR RODRÍGUEZ.
AUTORIDAD DEMANDADA: ADUANA DE
MATAMOROS, TAMAULIPAS.

5

TRIBUNAL FEDERAL
DE JUSTICIA
FISCAL Y ADMINISTRATIVA

acertadamente lo aduce la autoridad demandada en el oficio de contestación a la

demanda, y como se desprende de la lectura que esta Sala Juzgadora realiza a la

resolución impugnada, la autoridad aduanera, procedió a decretar el embargo

precautorio de la mercancía, de conformidad con los artículos 1, 2, 3, 60, 144,

fracciones II, III, X y XXX, 150 y 151, fracciones II y III, 146 y demás relativos a la

Ley Aduanera vigente a la fecha de emisión de la resolución, señalando además

en el proemio de dicha resolución, como fundamento de su competencia material

los artículos 29, fracciones X, XIII, XVI, XXI, XXII, XLIV, 31 fracción II, y último

párrafo y 39, inciso C, renglón 22 y quinto y octavo transitorios, del Reglamento

Interior del Servicio de Administración Tributaria.


Ahora bien, dichos preceptos reglamentarios, establecen en lo

conducente lo siguiente:

Artículo 29. Compete a la Administración General de Aduanas:

X. Ejercer las facultades de las autoridades aduaneras en materia de abandono de
mercancías y declarar, en su caso, que han pasado a propiedad del fisco federal,
en coordinación con las autoridades competentes previstas en la legislación
aduanera, así como en las disposiciones reglamentarias aplicables, poniendo a
disposición de la unidad administrativa competente del Servicio de Administración
Tributaria las mercancías que haya pasado a propiedad del fisco federal.

XIII. Ordenar y practicar la retención, persecución o embargo precautorio de las
mercancías de comercio exterior, incluidos los vehículos, o de sus medios de
transporte, cuando legalmente proceda, inclusive por el incumplimiento de normas
oficiales mexicanas, compromisos internacionales, requerimientos de orden
público o cualquier otra regulación o restricción no arancelaria; notificar el embargo
precautorio de aquellas mercancías respecto de las cuales no se acredite su legal
internación al país; remitir en los plazos señalados en la legislación aduanera las
actas a la autoridad competente o, en su caso, tramitar y resolver los
procedimientos administrativos en materia aduanera; poner a disposición de la
aduana que corresponda las mercancías embargadas para que realice su control y
custodia, y a su vez, se ponga a disposición de la unidad administrativa
competente del Servicio de Administración Tributaria en los términos de la
legislación aduanera. Sustanciar y resolver el procedimiento relacionado con la
determinación provisional a que se refiere la Ley Aduanera, llevarla a cabo, así
como notificarla.



TRIBUNAL FEDERAL
DE JUSTICIA
FISCAL Y ADMINISTRATIVA

SALA REGIONAL DEL GOLFO NORTE
EXPEDIENTE: 581/02-18-01-5
ACTOR: ARNULFO AMADOR RODRÍGUEZ.
AUTORIDAD DEMANDADA: ADUANA DE
MATAMOROS, TAMAULIPAS.

7

Artículo 39. El nombre y sede de las unidades administrativas regionales es el que a continuación se señala. Cada una de ellas tendrá la circunscripción territorial que se determine mediante acuerdo del presidente del Servicio de Administración Tributaria.

C. Aduanas:

…………….

- Aduana de Matamoros, con sede en Matamoros, Tamaulipas.

…………….

De la lectura de los preceptos legales anteriormente trascritos, claramente se desprei de la facultad reglamentario que tienen las Aduanas, entre otras, la de Matamoos, Tamaulipas, para ordenar y practicar la retención, persecución o embaro precautorio de las mercancías de comercio exterior, incluidos los vehículos, o de sus medios de transporte, cuando legalmente proceda, así como para determinar los impuestos al comercio exterior, derechos por servicios aduaneros, aprovechamientos, aplicar las cuotas compensatorias y determinar en cantidad líquida el monto correspondiente, a cargo de contribuyentes, responsables solidarios y demás obligados, así como determinar las otras contribuciones que se causen por la entrada al territorio nacional o la salida del mismo de mercancías y medios de transporte, incluso sus accesorios; de lo que claramente se desprende que la autoridad aduanera, tiene plena competencia material como territorial, para embargar precautoriamente las mercancías de comercio exterior introducidas ilegalmente al país y de sus medios de transporte, por lo que resulta infundado el argumento expuesto por el demandante, en el sentido de que solo la autoridad judicial puede ordenar el embargo precautorio de las mercancías, pues acorde a los preceptos reglamentarios anteriores, la autoridad administrativa, específicamente las Aduanas del País, cuentan con esa facultad, a fin de no permitir la entrada de manera ilegal al País de Mercancía que no haya sido declarada previamente y por la cual no se hayan pagados los impuestos correspondientes de conformidad con las leyes fiscales aplicables.



TRIBUNAL FEDERAL
DE JUSTICIA
FISCAL Y ADMINISTRATIVA

SALA REGIONAL DEL GOLFO NORTE
EXPEDIENTE: 581/02-18-01-5
ACTOR: ARNULFO AMADOR RODRÍGUEZ.
AUTORIDAD DEMANDADA: ADUANA DE
MATAMOROS, TAMAULIPAS.

9

declaradas, así como del medio de transporte, siempre que se trate de vehículo de
servicio particular, o si se trata de servicio público, cuando esté destinado a uso
exclusivo del pasajero o no preste el servicio normal de ruta.

De la lectura de los preceptos de la legislación Aduanera en
comento, se desprende que la autoridad demandada, puede proceder legalmente
a decretar el embargo precautorio, cuando se actualice alguno de los supuestos
previstos en los citados numerales, situación que según se desprende de la
resolución impugnada, que obra en autos por haber sido ofrecida por el propio
actor, a folios 012 al 026, del expediente del Juicio de Nulidad en que se actúa,
aconteció en el caso que nos ocupa, pues en los resultándos de la misma, se
hace constar que con fecha catorce de mayo de dos mil uno, se presentó el
tractocamión marca Internacional, Modelo 1983, placas 2DT-536, remolcando una
caja marca Hyundai, modelo 2000, número económico 53-330, la cual al pasar
por el módulo de selección automatizada, no presentó la documentación
correspondiente, hecho que se ratifica con la confesión del actor en el sentido de
que "ignoraba que la caja que remolcaba traía mercancía de procedencia
extranjera", mercancía consistente en 4,992 piezas de aparatos telefónicos,
marca: tutelar, modelos : Phoncell SX4DTDMA 800, actualizándose con dichos
supuestos, lo previsto por las fracciones II y III, del artículo 151 de la Ley
Aduanera, resultando por ende, legal la actuación de la autoridad, al, proceder en
estricto apego a lo dispuesto por los preceptos legales en cita.

Resulta aplicable al caso que nos ocupa la Tesis Aislada número
IV.2o.A.23 A, emitida por el Segundo Tribunal Colegiado en Materia
Administrativa del Cuarto Circuito, visible en el Semanario Judicial de la
Federación y su Gaceta, Novena Época, Tomo XV, Abril de 2002, página 1255,
cuyo texto y contenido a continuación se transcriben:

EMBARGO PRECAUTORIO DE MERCANCÍA DE PROCEDENCIA
EXTRANJERA. ES PROCEDENTE SI LA AUTORIDAD ADUANERA LO
FUNDAMENTA EN LO QUE DISPONEN LAS FRACCIONES II Y III DEL
NUMERAL 151 DE LA LEY ADUANERA. Del texto del artículo 151, fracciones II



TRIBUNAL FEDERAL
DE JUSTICIA
FISCAL Y ADMINISTRATIVA

SALA REGIONAL DEL GOLFO NORTE
EXPEDIENTE: 581/02-18-01-5
ACTOR: ARNULFO AMADOR RODRÍGUEZ.
AUTORIDAD DEMANDADA: ADUANA DE
MATAMOROS, TAMAULIPAS.

11

Amparo en revisión 2214/97. Rubén Balderas Luna. 6 de octubre de 2000. Unanimidad de cuatro votos. Ausente: Guillermo I. Ortiz Mayagoitia. Ponente: Mariano Azuela Güitrón. Secretaria: Ma. Estela Ferrer Mac Gregor Poisot.

Amparo en revisión 1013/99. Ángel Rojas Cruz. 6 de octubre de 2000. Unanimidad de cuatro votos. Ausente: Guillermo I. Ortiz Mayagoitia. Ponente: José Vicente Aguinaco Alemán. Secretario: Miguel Moreno Camacho.

Amparo en revisión 916/99. Cinram Latinoamericana, S.A. de C.V. 6 de octubre de 2000. Unanimidad de cuatro votos. Ausente: Guillermo I. Ortiz Mayagoitia. Ponente: Sergio Salvador Aguirre Anguiano. Secretaria: Andrea Zambrana Castañeda.

Amparo en revisión 1251/99. José Francisco Cervantes Sánchez. 6 de octubre de 2000. Unanimidad de cuatro votos. Ausente: Guillermo I. Ortiz Mayagoitia. Ponente: Juan Díaz Romero. Secretario: Jorge Carenzo Rivas.

Tesis de jurisprudencia 100/2000. Aprobada por la Segunda Sala de este Alto Tribunal, en sesión privada del dieciocho de enero de dos mil dos.

Nota: Este rubro y texto sustituyen al de la jurisprudencia número 100/2000 aprobada en la sesión privada del diez de noviembre del año dos mil, publicada en el Semanario Judicial de la Federación y su Gaceta, Novena Época, Tomo XII, diciembre de 2000, página 386.

Esta tesis abandona el criterio establecido en la tesis 2a. CVII/98, de rubro: "EMBARGO PRECAUTORIO, EL ARTÍCULO 151, FRACCIÓN III, DE LA LEY ADUANERA QUE LO PREVÉ, ES VIOLATORIO DEL ARTÍCULO 16 CONSTITUCIONAL (EN APLICACIÓN DE LA JURISPRUDENCIA P./J. 88/97).".

Las tesis antes transcritas, son estrictamente aplicables al caso que nos ocupa, pues la mercancía que se intentó introducir al País, se encuentra sujeta al cumplimiento de regulaciones y restricciones no arancelarias consistentes en el cumplimiento de la Norma Oficial Mexicana 005-SCFI-1997 y requiere permiso de la Secretaría de Economía para su internación en el País, así como a la Norma Oficial Mexicana 024-SCFI-1998, además del pago de las cuotas compensatorias, según se desprende de la propia resolución impugnada.



SALA REGIONAL DEL GOLFO NORTE
EXPEDIENTE: 581/02-18-01-5
ACTOR: ARNULFO AMADOR RODRÍGUEZ.
AUTORIDAD DEMANDADA: ADUANA DE
MATAMOROS, TAMAULIPAS.

13

TRIBUNAL FEDERAL
DE JUSTICIA
FISCAL Y ADMINISTRATIVA

motivo de las irregularidades detectadas, y afirma que se transgiversan los hechos acontecidos, procediendo a hacer la narrativa de hechos que afirma fueron los que acontecieron, no menos cierto es que no demuestra con prueba documental alguna los hechos constitutivos de su acción, de conformidad con lo dispuesto por el artículo 81 del Código Federal de Procedimientos Civiles de aplicación supletoria en materia fiscal.

En efecto, ello es así, pues en principio, de conformidad con el artículo 68 del Código Fiscal de la Federación, los actos y resoluciones de las autoridades fiscales, se presumirán legales, a menos de que el actor los niegue lisa y llanamente, tal y como aconteció en el caso que nos ocupa, pero siempre que la negativa del actor, no implique la afirmación de otro hecho, pues en ese caso, corresponde al actor probar los hechos que afirma.

En esa consideración, es claro que el demandante, a fin de demostrar que la autoridad demandada se excedía en sus facultades al no actualizarse los hechos circunstanciados en el acta de inicio del procedimiento aduanero a que se ha hecho mención y por tanto no ubicarse en los supuestos del artículo 151 del Código Fiscal de la Federación, para que la autoridad aduanera procediera al embargo precautorio de la mercancía, debió de acreditarlo, pues dentro de su negativa, afirma el acontecimiento de hechos distintos a los narrados por la autoridad en dicha acta, por lo que, al no aportar prueba alguna a su escrito de demanda, mediante la cual demostrara que los hechos acaecidos con fecha catorce de mayo de dos mil uno, fueron distintos a los circunstanciados por la autoridad aduanera, a lo que se encontraba obligada en términos del artículo 81 del Código Federal de Procedimientos Civiles de aplicación supletoria en materia fiscal, no logra acreditar los hechos constitutivos de su acción, resultando por ello insuficiente e infundado el argumento expuesto por el demandante, para lograr desvirtuar la legalidad de la resolución impugnada.

y llana del afectado, la autoridad demuestra fehacientemente los hechos, causas particulares, motivos y circunstancias especiales del caso, tomados en cuenta para evidenciar la legalidad de la notificación del adeudo, **salvo que dicha negativa, conlleve a la afirmación de otro hecho.**

PRIMER TRIBUNAL COLEGIADO DEL SEGUNDO CIRCUITO.

Revisión fiscal 17/91. Ecológica, S.A. de C.V. 8 de mayo de 1991. Unanimidad de votos. Ponente: Salvador Bravo Gómez. Secretario: Jaime Arturo Cuayahuitl Orozco.

Octava Epoca

Instancia: TRIBUNAL COLEGIADO DEL DECIMO TERCER CIRCUITO.

Fuente: Semanario Judicial de la Federación

Tomo: III, Segunda Parte-1, Enero a Junio de 1989

Página: 338

**FALSEDAD DE DOCUMENTOS, OBJECION DE. CARGA DE LA PRUEBA.** Cuando la negativa de la autenticidad de un documento no se haga en forma lisa y llana, sino que implique la afirmación de otro hecho, como lo es que las firmas del mismo son falsas, corresponde a la parte objetante la carga de la prueba para acreditar la falsedad, de conformidad con lo dispuesto por el artículo 68 del Código Fiscal.

TRIBUNAL COLEGIADO DEL DECIMO TERCER CIRCUITO.

Amparo directo 463/88. Diseño y Construcciones de la Mixteca, S. A. 27 de enero de 1989. Unanimidad de votos. Ponente: José Angel Morales Ibarra. Secretario: Amado Chiñas Fuentes.

No obstante lo anterior, de la lectura que esta Sala Juzgadora realiza tanto de los hechos narrados por la autoridad demandada, como de los hechos narrados por la demandante, se concluye que en ambos se aprecia, por parte de la autoridad demandada, y se acepta, por parte del demandante, la existencia de mercancía de procedencia extranjera que se introdujo ilegalmente al País, ya fuera por los motivos precisado por el demandante, es decir al error involuntario a que se refiere, o bien por los motivos precisados por la autoridad demandada, pero en ambos casos se concluye que se pretendió introducir, ya sea por error involuntario o desconocimiento de la existencia de las mercancías de comercio exterior, o por las razones expuestas por la autoridad, la mercancía de comercio exterior al país, sin el pago de los impuestos, derechos y las cuotas compensatorias correspondientes a las mismas, de lo que se desprende la comisión de las infracciones previstas en la Ley Aduanera y que la autoridad

SALA REGIONAL DEL GOLFO NORTE
EXPEDIENTE: 581/02-18-01-5
ACTOR: ARNULFO AMADOR RODRÍGUEZ.
AUTORIDAD DEMANDADA: ADUANA DE
MATAMOROS, TAMAULIPAS.

17

TRIBUNAL FEDERAL
DE JUSTICIA
FISCAL Y ADMINISTRATIVA

permiso de la Secretaría de Economía para su introducción al País, por lo que de conformidad con las fracciones II y III del citado artículo 151, procedía el embargo precautorio de dicho vehículo, así como de la mercancía que se encontraba en el interior del simiremolque que transportaba.

En efecto, el artículo 151, fracciones II y III de la Ley Aduanera, disponen textualmente que:

Artículo 151. Las autoridades aduaneras procederán al embargo precautorio de las mercancías y de los medios en que se transporten, en los siguientes casos:

II. Cuando se trate de mercancías de importación o exportación prohibida o sujetas a las regulaciones y restricciones no arancelarias a que se refiere la fracción II del artículo 176 de esta Ley y no se acredite su cumplimiento o sin acreditar el cumplimiento de las normas oficiales mexicanas, excepto las de información comercial o, en su caso, se omita el pago de cuotas compensatorias.

III. Cuando no se acredite con la documentación aduanera correspondiente, que las mercancías se sometieron a los trámites previstos en esta ley para su introducción al territorio nacional o para su internación de la franja o región fronteriza al resto del país y cuando no se acredite su legal estancia o tenencia, o se trate de vehículos conducidos por personas no autorizadas. En el caso de pasajeros, el embargo precautorio procederá sólo respecto de las mercancías no declaradas, así como del medio de transporte, siempre que se trate de vehículo de servicio particular, o si se trata de servicio público, cuando esté destinado a uso exclusivo del pasajero o no preste el servicio normal de ruta.

De la trascripción anterior, es claro que contrariamente a lo que aduce la parte actora, si se ubicó en los supuestos previsto en las fracciones II y III del artículo en estudio, pues se trata de mercancías sujetas a regulaciones o restricciones no arancelarias a que se refiere la fracción II del artículo 176 de la propia ley, precepto legal que dispone : *"Comete las infracciones relacionadas con la importación o exportación, quien introduzca al país o extraiga de él mercancías, en cualquiera de los siguientes casos: II. Sin permiso de las autoridades competentes o sin la firma electrónica en el pedimento que demuestre el descargo total o parcial del permiso antes de realizar los trámites del despacho aduanero, o sin cumplir cualesquiera otras regulaciones o restricciones no arancelarias emitidas conforme a la Ley de Comercio Exterior, por razones de*



Thank you for your order! Your Visa account will be charged 9310.00 US Dollars for 49 US Customs decals. An additional shipping charge was made for 4.00 US Dollars. You may print this form using the PRINT button on your screen menu as confirmation of your order. You may also go to the Main Menu and select I Want to View My Order (s) to review and/or print this order form.

*200109171250 39*

*ROMEDU*
~~ROMEDU~~

**Main Menu** | **Exit**

Decal Ship To Address:
AUTOTRANSPROMEDUSACV
970 S INDIANA AVE

BROWNSVILLE, TX
USA 78521

APPLICANT FAX NUMBER
9568317727
APPLICANT PHONE NUMBER
9568317727
Requestor's Name
~~LAURA MEJIA~~

### YEAR 2001 USER FEE DECAL REQUEST - APHIS VEHICLE - $ 190.00 per decal

| | Manufacturer | Model Year | VIN | Renew? |
|---|---|---|---|---|
| 1 | CHEVROLET | 1999 | 3GCJC54K1XM100748 | YES |
| 2 | CHEVROLET | 1999 | 3GCJC54K7XM105386 | YES |
| 3 | DINA | 1994 | SA4754000765 | YES |
| 4 | DINA | 1998 | 3ACL4KBT6WS000525 | YES |
| 5 | DINA | 1997 | SA4754003835 | YES |
| 6 | KENWORTH | 1989 | 1XKDD29X1KS538249 | YES |
| 7 | KENWORTH | 1989 | 1XKDD29X0KS538243 | YES |
| 8 | KENWORTH | 1989 | 1XKDD29X4KS538245 | YES |
| 9 | FORD | 1988 | 1FTPF82K8JV25674 | NO |
| 10 | DINA | 1989 | 162-131700 | NO |
| 11 | NISSAN | 2000 | 3N6CD15S0YK042428 | YES |
| 12 | NISSAN | 2000 | 3N6CD15S7YK040241 | YES |
| 13 | INTERNATIONAL | 1990 | 1HSRKCGR1LH695464 | YES |



UNITED STATES CUSTOMS SERVICE

Página 2 de 3

| 14 | DINA | 1994 | L2157000491 | YES |
|----|------|------|-------------|-----|
| 15 | FAMSA | 1990 | GL257VME000309 | YES |
| 16 | DINA | 1995 | 121570001254 | YES |
| 17 | KENWORTH | 1999 | 3WKDD69X8XF502020 | YES |
| 18 | DINA | 1994 | 2134711C4 | YES |
| 19 | INTERNATIONAL | 1990 | 1HSRKBXR5MH337733 | YES |
| 20 | DINA | 1993 | 2013333C3 | YES |
| 21 | DINA | 1998 | 3ACL4KBT4WS000524 | YES |
| 22 | DINA | 1998 | 3ACL4KBT2WS000523 | YES |
| 23 | INTERNATIONAL | 1985 | 2HSFBJSR8FCA15430 | YES |
| 24 | KENWORTH | 1989 | 1XKDD29X8KS538247 | YES |
| 25 | KENWORTH | 1977 | 154001-S | YES |
| 26 | INTERNATIONAL | 1991 | 1HSRKBXR8MH344076 | YES |
| 27 | INTERNATIONAL | 1990 | 1HSRKCGRXLH695592 | YES |
| 28 | INTERNATIONAL | 1989 | 1HSRKCGR7LH695419 | YES |
| 29 | KENWORTH | 1989 | 1XKDD29X3KS538253 | YES |
| 30 | KENWORTH | 1989 | 1XKDD29X4KS538244 | YES |
| 31 | KENWORTH | 1989 | 1XKDD29X4KS538259 | YES |
| 32 | KENWORTH | 1999 | 3WKDD69XXXF502021 | YES |
| 33 | CHEVROLET | 1998 | 3GCJC54K7WG160997 | YES |
| 34 | FREIGHTLINER | 1989 | 1FUYABYB1KP343128 | NO |
| 35 | KENWORTH | 2000 | 3WKMDZ9X8YF492608 | YES |
| 36 | KENWORTH | 1990 | EN10347 | YES |
| 37 | KENWORTH | 2000 | 3BKMHY7X71F492708 | YES |
| 38 | FREIGHTLINER | 1990 | 1FUYDRYBILP374140 | YES |
| 39 | DINA | 1997 | SA4754003835 | YES |
| 40 | KENWORTH | 1999 | 38KMHY8X0XF491276 | YES |
| 41 | KENWORTH | 2000 | 3BKMHY7X01F492694 | YES |
| 42 | KENWORTH | 2000 | 3WKMDZ9X6YF492607 | YES |
| 43 | KENWORTH | 2000 | 3WKMDZ9X6YF492610 | YES |
| 44 | KENWORTH | 2000 | 3WKMDZ9X8YF492611 | YES |
| 45 | KENWORTH | 2000 | 3WKDD60X4YF510016 | YES |
| 46 | KENWORTH | 2000 | 3WKAD60X61F512939 | YES |
| 47 | KENWORTH | 2001 | 3WKAD60X21F512940 | YES |
| 48 | KENWORTH | 2000 | 3WKDD60X6YF510017 | YES |
| 49 | KENWORTH | 2000 | 3WKDD60X8YF510018 | YES |
| 50 | KENWORTH | 2000 | 3WKAD60X1YF510039 | YES |
| 51 | INTERNATIONAL | 1991 | 1HSRKCGRXLH695592 | YES |
| 52 | KENWORTH | 1989 | 1XKDD29X0KS538243 | YES |

For Decal Questions: Call 317-298-1200 Ext. 1245 or send Email to Decals@customs.treas.gov
***** Please allow 3 - 4 weeks for delivery *****

Primary Border Crossing Information (Optional)
Port Number or City

CARDHOLDER             LAURA MEJIA
METHOD OF PAYMENT      Visa
CREDIT CARD ACCOUNT ▆▆▆▆▆▆▆▆▆▆▆ EXPIRATION DATE 07 2002

Billing Address : **AUTOTRANSPROMEDUSACV**
**970 S INDIANA AVE**
**BROWNSVILLE , TX**
**USA 78521**

OPTIONAL SHIPPING METHODS  Overnight/Express - US ship to only

TOTAL NUMBER OF DECALS : **49**
AUTHORIZED AMOUNT : **9,310.00**    US DOLLARS
SHIPPING CHARGE : **4.00**    US DOLLARS
INVOICE TOTAL : **9,314.00**    US DOLLARS