UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 9 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DANNY HERMAN TRUCKING, INC. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. B-03-111 |
| AUTO TRANSPORTES ROMEDU, S.A. | § | |
| DE C.V., ROMULO MEJIA, | § | |
| Individually and ARNULFO AMADOR | § | |
| RODRIGUEZ, Individually | § | |
| Defendants. | § | |

**DEFENDANTS' AUTO TRANSPORTES ROMEDU, S.A. DE C.V. AND ROMULO MEJIA RESPONSE TO PLAINTIFF DANNY HERMAN TRUCKING, INC.'S MOTION TO TRANSFER VENUE SUBJECT TO IT'S MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants AUTO TRANSPORTES ROMEDU, S.A. DE C.V. AND ROMULO MEJIA file this their response to Plaintiff Danny Herman Trucking, Inc.'s Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) and would show the Court as follows:

**I.**
**Introduction**

On November 5, 2003, Plaintiff Danny Herman Trucking, Inc. ("Danny Herman") filed its Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) seeking to transfer the instant lawsuit to the Eastern District of Texas, Tyler Division. However, Plaintiff's Motion belies its previous filing and flies in the face of its apparent judicial admission made previously herein.

On June 12, 2003, Danny Herman filed an Original Complaint in the Southern District of Texas, Brownsville Division. *See certified copy of "Danny Herman Trucking, Inc.'s Original Complaint," attached hereto as Exhibit A.* In its Complaint, Danny Herman affirmatively stated not only that

"[v]enue is proper in the Southern District of Texas under 28 U.S.C. §1391 because a substantial part of the events and omissions giving rise to the claim occurred in and around Brownsville, Cameron County, Texas,"

but, more importantly, that it intended to "move to transfer to this Court under 28 U.S.C. §1404" the related case "Cause No. 6:03CV242 pending in the United States District Court for the Eastern District of Texas, Tyler Division." *See Exhibit A at Para. 8 & 11.* Notwithstanding this apparent judicial admission, Danny Herman now disingenuously seeks to transfer the Brownsville case to Tyler in a calculated attempt to forum shop.

As set forth below, the doctrines of equitable estoppel and quasi-estoppel, in conjunction with Rule 11 of the Federal Rules of Civil Procedure, prohibit Plaintiff from now asserting that in the interest of justice and for the convenience of the parties and witnesses this case should be transferred to the Eastern District of Texas. Notwithstanding the foregoing, the legal standard governing venue transfers under §1404 and the current case law also dictate that Plaintiff's Motion should be denied and the case be allowed to proceed in the Brownsville Division. The Brownsville Division is a much more convenient forum for the parties because they are all located either in Brownsville, Texas or Matamoros, Mexico. This forum is also much more convenient for the non-party witnesses, the Mexican federal officials involved in the seizure and holding the merchandise and truck. These non-party witnesses can be served with process and accessed through counsel in Mexico. The cost of obtaining witness testimony heavily weighs in keeping the case in Brownsville. The witnesses are local or reside in Mexico, which is much closer to Brownsville than Tyler, Texas. Further, the events in issue occurred in Brownsville and in Mexico and the sources of proof are located in Brownsville and in Mexico. Finally, the interests of justice in general and the Court's calendar support denial of Plaintiff's Motion and maintaining this cause in the Southern District of Texas.

**II.**

## Background

On April 14, 2003, Team Air Express, Inc. ("Team Air") filed suit against Danny Herman in the Wood County, Texas claiming an interest in telephone equipment seized by Mexican federal officials as Danny Herman or its agent allegedly attempted to cross the border into Mexico without proper paperwork. *See "Plaintiff Danny Herman Trucking, Inc.'s Motion to Transfer Venue" previously filed herein and Exhibit A attached thereto.* Danny Herman subsequently removed the suit brought by Team Air to the Tyler Division of the Eastern District of Texas. *See "Plaintiff Danny Herman Trucking, Inc.'s Motion to Transfer Venue" previously filed herein and Exhibit B attached thereto.*

Shortly thereafter, on June 12, 2003, Danny Herman filed the instant suit against Defendants Auto Transportes Romedu, S.A. de C.V. ("Autos Transportes"), Romulo Mejia ("Mejia") and Arnulfo Rodriguez ("Rodriguez") in the Brownsville, Division of the Southern District of Texas. *See certified copy of "Danny Herman Trucking, Inc.'s Original Complaint," attached hereto as Exhibit A.* As a basis for its suit, Danny Herman alleges that the Defendants transported the merchandise in question to Mexico without proper paperwork resulting in its seizure by Mexican officials. *Id.* Danny Herman further alleges that efforts to secure release of the trailer and merchandise have failed. *Id.*

On August 8, 2003, Danny Herman filed a Third Party Complaint in the Eastern District against Defendants Auto Transportes Romedu, S.A. de C.V. ("Autos Transportes"), Romulo Mejia ("Mejia") and Arnulfo Rodriguez ("Rodriguez") based on the same allegations raised in Danny Herman's Original Complaint filed in Brownsville. *See "Plaintiff Danny Herman Trucking, Inc.'s Motion to Transfer Venue" previously filed herein and Exhibit C attached thereto.* It is important to note that in its Third Party Complaint Danny Herman pleads, as the sole basis for venue and connection to the Eastern District, that "this district and division embrace the place

where the removed action was pending." *Id. at Page 4, Para. 11*. To date, the Defendants not been served with the Third Party action pending in Tyler, Texas.

Thereafter, on November 5, 2003, Plaintiff Danny Herman Trucking, Inc. ("Danny Herman") filed its Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) seeking to transfer the instant lawsuit to the Eastern District of Texas, Tyler Division.

## III.

### Rule 11 and the Doctrines Of Equitable and Quasi-Estoppel Bar Plaintiff From Contradicting Its Original Venue Statement and Supports Keeping This Case Where It Was Originally Filed By The Plaintiff

Rule 11 of the Federal Rules of Civil Procedure provides in part that by presenting to the Court a pleading, written motion or other paper, an attorney certifies that to the best of the person's knowledge, information and belief, the pleading is not being presented for any improper purposes, and further that the factual and legal contentions are warranted by existing law and have evidentiary support. *See Fed. R. Civ. P. 11(b)(1-3)*. The principal behind the rule is that attorneys have an obligation to the court to refrain from conduct that frustrates the aims of Rule 1. *Fed. R. Civ. P. 11 advisory committee's note, Para 2*. The obligations imposed under subdivision (b) obviously require that a pleading, written motion, or other paper be read before it is filed or submitted to the court. *Fed. R. Civ. P. 11 advisory committee's note, Para 4*. The rule also emphasizes the duty of candor by subjecting litigate to potential sanctions. *Fed. R. Civ. P. 11 advisory committee's note, Para 5*.

Equitable estoppel precludes a person from asserting a right he otherwise would have because of an act, conduct or silence and is purely defensive in nature. *See, Forest Springs v. Illinois New Car and Truck Dealers Ass'n Employees Insurnace Trust, 812 F. Supp 729 (S.D. Tex. 1993)*. "The principle of quasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken." *Missouri Pacific R. Co. v. Harbison-Fischer Mfg., 26 F.3d 531, 537 (5th Cir.*

*1994).* Quasi-estoppel precludes party with knowledge of facts from taking a position inconsistent with his or her former position to the disadvantage or injury of another. *IT Corp. v. Motco Site Trust Fund, 903 F. Supp. 1106, 1127 (S.D. Tex. 1994).*

For Plaintiff to ask this Court with a straight face to transfer this cause despite it's previous judicial admissions is disingenuous at best and sanctionable at worst. As noted above, Rule 11 requires that the factual and legal assertions set forth in the Complaint be warranted by existing law and have evidentiary support. It then follows that Plaintiff's assertions regarding the basis for proper venue in the Southern District must be warranted by existing law and have evidentiary support. Moreover, Plaintiff's assertions of its intent to transfer the Tyler cause of action to Brownsville under §1404 could only have been made under Rule 11 if again existing law and the evidence warranted the transfer to Brownsville. Consequently, Plaintiff's venue admissions must be taken as true under the strict obligations imposed under Rule 11 of the Federal Rules of Civil Procedure.

Plaintiff is bound by the judicial admissions made in its Original Complaint and is estopped under the doctrines of equitable estoppel and quasi- estoppel from taking a contrary position to the detriment of these Defendants. Plaintiff has admitted to this Court that "a substantial part of the events and omissions giving rise to the claim occurred in and around Brownsville, Cameron County, Texas." More importantly, in expressing its intent to transfer suit to Brownsville Plaintiff apparently admits that under § 1404(a), justice and the convenience of the parties and witnesses would be better served in this division. Under the doctrine of equitable and quasi-estoppel, Plaintiff is bound by its judicial pleading. This Court should not allow Plaintiff to disavow its earlier sworn venue statement nor its position that § 1404(a) factors would dictate maintaining this case in the Southern District. To allow Plaintiff to do so would undermine the spirit of Rule 11 and the rule's emphasis on the duty of candor.

## IV.

## The Legal Standard for the Transfer of Venue Supports The Denial of Plaintiff's Transfer Request

The legal standard and current case law governing requests to transfer venue dictate that this case remain in the Brownsville Division. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action may have been brought." *Gundle Lining Construction Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994); 28 U.S.C. § 1404(a). In determining whether to grant a transfer of venue under § 1404(a), the Court must consider all the relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interest of justice better served by the transfer. The criteria to be considered by the court in deciding a § 1404(a) motion include: (i) the convenience of the parties; (ii) the convenience of material witnesses; (iii) the availability of process to compel the presence of unwilling witnesses; (iv) the cost of obtaining the presence of witnesses; (v) the relative ease of access to sources of proof; (vi) calendar congestion; (vii) where the events in issue took place; and (viii) the interests of justice in general. *Bounty-Full Entertainment, Inc. v. Forever Blue Entertainment Group, Inc.* 923 F. Supp. 950, 958 (S.D. Tex. 1996); *Gundle Lining Construction Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. at 1165. In seeking a transfer of venue, the burden of proof is on the movant. *Time, Inc. v. Manning*, 266 F.2d 690 (5th Cir. 1966).

In the instant case, the Plaintiff argues that this case should be transferred for the following reasons:

    i.      To avoid duplicative litigation in Tyler and Brownsville;

    ii.     Deference to the Plaintiff's choice of forum is a primary consideration;

    iii.    The convenience of "non-party" witness Team Air Express; and

iv.    To avoid having to serve Autotransportes and Mejia with process a second time.

However, Plaintiff's argument for transfer falls short and fails to consider all the relevant factors to be weighed by this Court. It is clear that a review of all the relevant factors requires this Court to keep this case in Brownsville and not transfer this case to the Eastern District of Texas, Tyler Division.

### A.    *The Brownsville Division Is A Much More Convenient Forum For The Parties.*

The Brownsville Division of the Southern District of Texas is a much more convenient forum for the parties. The Plaintiff has a main office in Brownsville, Texas. The Plaintiff's employees who would have knowledge regarding the incident in question would be employed out of the Plaintiff's Brownsville office. Defendant Auto Transportes is a Mexican Corporation with its principal place of business in Mexico. *See Exhibit A.* It maintains offices in Brownsville, Texas and in Brownsville's border town, Matamoros, Tamaulipas, Mexico. The individual defendants Rodriguez and Mejia are Mexican citizens who reside in Matamoros, Mexico. *See Exhibit A.* Moreover, the operative facts giving rise to this suit occurred in Brownsville and its neighboring border town, Matamoros, Mexico not in Tyler, Texas.

Therefore, trying the case in Tyler, Texas would require greater time and expense for all parties since all parties to this suit are located in Brownsville and/or its Mexican border town of Matamoros. Tyler is located 632.24 miles away from Brownsville, Texas. *See Exhibit "B", MapQuest distance and mileage between Brownsville and Tyler courthouse.* All parties would have to incur significant travel time and expense in traveling to Tyler, Texas from Matamoros and Brownsville. There are no direct flights from Brownsville to Tyler, Texas[1]. The parties and their Brownsville lawyers would be

---

[1] Information on flight availability was drawn from the World Wide Web pages for Continental Airlines and Southwest Airlines. Because the availability of these flights

required to fly into Dallas, Texas, with a stop/lay over in Houston, Texas, and then be required to drive for 1 hour and 49 minutes from Dallas to Tyler, which is 97.88 miles away. *See Exhibit "C" MapQuest distance and mileage between Dallas airport and Tyler courthouse.* Admittedly, it would be more convenient and less expensive for the Plaintiff to stay in Brownsville where Plaintiff's main office is located.

Plaintiff argues that its choice of venue should control and in support cites to an opinion from the Eastern District of Texas. However, while courts do give some consideration to a plaintiff's choice of forum, the Southern District of Texas in at least two case has opined that it is clearly not the controlling or even the most important factor. *See Gundle Lining, 844 F. Supp. at 1165* (stating that choice of forum is not accorded decisive weight and is only one of many factors for the court to consider); *see also, Andrade v. Chojnacki,* 934 F. Supp. 817, 832 (S.D.Tex. 1996)(explaining that the plaintiff's choice of forum is not significant factor where the action has relatively little relationship to the chosen forum"). Moreover, should the Court find that the Plaintiff's choice of forum controls then this Court should find that Plaintiff is bound by the choice it made when it first filed. That is, Plaintiff chose to file this action in the Southern District of Texas and arguably acknowledged that Brownsville is a proper forum and further that §1404 factors were met when it pled that "DANNY HERMAN TRUCKING intends to move to transfer to this Court under 28 U.S.C. § 1404" the pending Tyler action. *See Exhibit A at Para. 11.* One must assume that at the time Plaintiff filed its suit, it properly exercised its venue privilege.

Given that Plaintiff's choice of forum has not been accorded decisive weight in this District and is only one of many factors for the court to consider, the convenience of the parties weighs heavily in keeping this case in the Brownsville Division of the Southern District of Texas.

are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," Defendants ask this Court to take judicial notice of these facts. *See Federal Rule of Evidence 201.*

**B.     The Brownsville Division Is A Much More Convenient Forum
For The Witnesses.**

Courts have ranked the convenience of witnesses as the most important factor for
the Court to consider. *Gundle* 844 F.Supp. at 1166. However, it is the convenience of
non-party witnesses, rather than that of employee or party witnesses, that is the more
important factor and is accorded greater weight in a transfer of venue analysis. *Gundle*,
844 F. Supp. at 1166. In this case, Brownsville is undeniably a more convenient forum
for the non-party witnesses.

Plaintiff argues that it would be more convenient for the corporate
representatives of Team Air to try this case in Tyler. However, Team Air cannot be
considered a non-party witness, as it is the named Plaintiff in the Tyler lawsuit that
Danny Herman seeks to consolidate into. The real non-party witnesses in this case are
the Mexican customs officials that seized the merchandise that was being transported
into Mexico and whom Plaintiff conveniently failed to acknowledge. These individuals
are located in Matamoros, Mexico on Brownsville's border and have knowledge
regarding the basis for the seizure, post-seizure negotiations, and related documentation.
Undoubtedly, it would be more convenient and more likely for these witnesses to give
their testimony in this cause if they are deposed in Brownsville, which is minutes away
from the border, or in Matamoros rather than in Tyler located hundreds of miles away.
Accordingly, Brownsville would be more convenient for these individuals with
knowledge of relevant facts and for the Plaintiff itself.

**C.     The Availability Of Process For Unwilling Witnesses.**

Plaintiff argues that transfer is often granted in the Southern District where key
non-party witnesses, such as employees of Team Air, reside over a hundred miles from
the courthouse. *See Fed. R. Civ. P. 45 (100-mile limit on Court's subpoena power over
witnesses outside district)*. However, as noted above, the real non-party witnesses
herein are the Mexican custom officials who seized the merchandise not Team Air nor

its employees. The federal officials have material knowledge of the seizure and the basis thereof. The Mexican custom officials can be easily subpoenaed by employing local counsel in Matamoros to execute the necessary legal documents to compel testimony in Matamoros, minutes from the Brownsville border. In addition, the officials can be readily contacted by crossing into Matamoros from Brownsville to confer regarding scheduling of their depositions.

Arguably, Plaintiff did not feel that it would be a problem to compel Team Air to testify or appear in this cause since Plaintiff initially chose to file suit in this District and further indicated its desire to transfer Team Air's suit against it to Brownsville. *See, Exhibit A at Para. 11.* Consequently, to imply that Team Air representatives are "unwilling witnesses" who cannot be subpoenaed when they arguably have an interest in this subject matter of this suit is again disingenuous. Generalized allegations concerning the inconvenience of witnesses are insufficient to justify transfer.

Plaintiff additionally implies that the availability of process for Team Air employees is limited by the 100-mile rule. However, the merit of this argument is complicated by the fact that Fed. R. Civ. P. 45 underwent a complete revision in 1991. One of the principal purposes of the revision was to enable courts to compel a witness found within the state where the court sits to attend trial. *See Fed. R. Civ. P. 45 advisory committee notes at Para 1; see also, Mohamed v. Mazda Motor Corp. 90 F.Supp.2d 757, 778 (E.D. Tex. 2000)(argument that witnesses over 100 miles from courthouse are beyond subpoena range is wrong).* Therefore, Plaintiff's argument has no merit.

Because the availability of process factor weighs in favor of keeping this matter in Brownsville, this Court should deny Plaintiff's transfer request.

## D.    Cost of Obtaining Witnesses

As stated above, the core material witnesses in this cause live and work in Mexico and/or Browsnville. Further, the parties involved in this suit either maintain a place of

business in Brownsville and Matamoros. For those material witnesses in Mexico and the Plaintiff, trying the case in Brownsville would eliminate the need to incur any costs of travel. Additionally, the Mexican custom officials can be readily deposed in Matamoros, which is readily accessible from Brownsville. Plaintiffs' own employees and other witnesses with knowledge of the events that occurred at Plaintiff's Brownsville yard would be located within Brownsville and/or the Southern District of Texas. To require these material witnesses to travel to Tyler, Texas would cause both parties to incur significant travel expenses, thus increasing the cost of obtaining the attendance of those witnesses. Therefore, the costs of obtaining witnesses strongly weighs in favor of keeping this cause in the Brownsville Division of the Southern District of Texas.

### E.    *The Relative Ease Of Access to Sources of Proof.*

Documents relevant to Plaintiff's injuries arising out of the seizure of merchandise, which is the underlying basis of Plaintiff's claim, are located in Brownsville, and/or Matamoros. These documents would include any bills of lading, tickets, and customs processing and shipping papers. Plaintiff's local office would also have in its possession any documents relevant to the shipping of the merchandise to Mexico. Further, based on information and belief, the merchandise and the trailer are located in Matamoros, Mexico.

In this case the relative ease of access to sources of physical and documentary evidence relevant documents weighs strongly in favor of keeping this cause in Brownsville.

### F.    *Calendar Congestion*

There is no reason to believe that keeping this cause in the appropriate forum will prejudice the parties. Plaintiff has presented no evidence that the disposition of this matter will be any slower in Brownsville or any faster in Tyler. Defendants are confident in this Court's ability to administer justice fairly and with reasonable dispatch. Neither

the mere hope for speed nor an unsupported fear of delay weighs in favor of transferring this case.

## G.        *Where The Events In Issue Took Place.*

As discussed *supra*, Plaintiff's claim arises out of a seizure of merchandise being transported by Defendants from Brownsville into Mexico. Plaintiff alleges that Defendants attached a cab to a loaded trailer of merchandise parked at Plaintiff's yard in Brownsville, Texas and allowed the trailer to be driven into Mexico without the proper paperwork. *See Exhibit A.* Mexican customs officials then seized the trailer and its contents. Plaintiff has admitted in its Original Complaint that "substantial part of the events or omissions giving rise to the claim occurred in and around Brownsville, Cameron County, Texas." *See Exhibit A at para. 9.* Because the events that made the basis of Plaintiff's suit occurred in the Southern District and not in Tyler, it is appropriate for the Court to keep the case in the venue where the place of the alleged wrong occurred. The only connection to Tyler is the proximity of Team Air's (the freight broker) principal place of business to Tyler, which Plaintiff contends is only 50.3 miles from Tyler.

## H.        *The Interests of Justice In General.*

Plaintiff is a California corporation and maintains a place of business in Brownsville, Texas. The individual Defendants are citizens of Mexico and Auto Transportes is a Mexican corporation with its principal place of business in Mexico and an office in Brownsville. The alleged wrong forming the underlying basis of the claim occurred in Brownsville within the Southern District of Texas. Trying this case in Tyler would create the problems which section 1404(a) was designed to prevent: it would waste time, energy, and money and subject the parties, witnesses, and the public unnecessary inconvenience and expense. *See Gundle*, 844 F. Supp. at 1165 (noting that the purpose of section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience

and expense). Similarly, there is a strong judicial interest in resolving controversies in the place they arose. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 509 (1947).

It is clear that the Plaintiff has failed to carry its burden of demonstrating that a transfer is necessary to serve the interests of justices. To the contrary, the interests of justice require that this case be maintained in the district that has the most factual connection with the case and that, due to its geographical location, is the most convenient for all parties. To do otherwise would impose an obvious and unnecessary hardship on the Defendants and at least impliedly place a stamp of approval on a rather blatant attempt to forum shop.    Accordingly, the interests of justice would be better served by maintaining this case in the Southern District of Texas so that this controversy can be resolved in the place it arose.

## V.
## Prayer

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court deny Plaintiff's Motion to Transfer Venue, allow this cause to continue to trial in the Browsville Division of the Southern District of Texas, and for such other such relief as Defendants may be justly entitled.

Respectfully Submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
    Jaime A. Saenz
    State Bar No. 17514859
    Joseph A. "Tony" Rodriguez
    State Bar No. 17146600
    1201 East Van Buren
    Post Office Box 2155
    Brownsville, Texas 78522
    Telephone:  (956) 542-7441
    Facsimile: (956) 541-2170

    ATTORNEY FOR DEFENDANT
    AUTO TRANSPORTES ROMEDU

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Auto Transportes Romedu, S.A. De C.V. And Romulo Mejia Response To Plaintiff Danny Herman Trucking, Inc.'S Motion To Transfer Venue Subject To It's Motion To Dismisswas served on all counsel of record to-wit:

Igancio Torteya, III
Torteya & Torteya, P.L.L.C.
700 E. Washington Street
Brownsville, Texas 78520

Jeffrey T. Lucky
Hicks & Lucky,  P.C.
5812 Cromo Drive
El Pas, Texas 79912-5502

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission, pursuant to the Texas Rules of Civil Procedure, on this the ____day of November, 2003

_____
JAIME A. SAENZ

United States District Court
Southern District of Texas
FILED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

JUN 1 2 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DANNY HERMAN TRUCKING, INC. | § | |
| | § | Cause No. _____ |
| Plaintiff, | § | Jury |
| | § | |
| v. | § | |
| | § | |
| AUTO TRANSPORTES ROMEDU, S.A. | § | |
| DE C.V., ROMULO MEJIA, | § | |
| Individually and ARNULFO AMADOR | § | |
| RODRIGUEZ, Individually. | § | |
| | § | |
| Defendants. | § | |

**B-03-111**

## PLAINTIFF DANNY HERMAN TRUCKING, INC.'S
## ORIGINAL COMPLAINT

### A. Parties

1.     Plaintiff DANNY HERMAN TRUCKING, INC. ("DANNY HERMAN TRUCKING") is

a California corporation. Its principal place of business is in Tennessee.

2.     Defendant AUTO TRANSPORTES ROMEDU, S.A. DE C.V., ("ROMEDU") is a

Mexican corporation. Its principal place of business is in Mexico. It may be served under the

terms of the 1965 Convention of the Service Abroad of Judicial and Extrajudicial Documents in

Civil or Commercial Matters.  It may also be served under the terms of the 1975 Inter-American

Convention on Letters Rogatory and the 1979 Additional Protocol to the Inter-American

Convention on Letters Rogatory, or by any method otherwise allowed by the Federal Rules of

Civil Procedure.  ROMEDU may be served with process at its principal office or place of

business located at Av. Lauro Villar KM. 1.5 #60 Col. Puertas Verdes, H. Matamoros,

Tamaulipas, Mexico, or at any other address where it may be properly served.

**EXHIBIT**

**A**

ORIGINAL COMPLAINT OF PLAINTIFF DANNY HERMAN TRUCKING, INC.           PAGE 1 OF 1

3.    In the alternative, AUTO TRANSPORTES ROMEDU, S.A. DE C.V. may be served with process by personal delivery, certified mail, restricted delivery, return receipt requested or by any other means allowed under the Federal Rules of Civil Procedure directed to Romulo Mejia, or to an officer or any other individual in their capacity as principal, proprietor, officer, partner, managing agent or a duly authorized agent for service at 970 S. Indiana Avenue, Brownsville, Texas 78521 or wherever they may be found.

4.    Defendant ROMULO MEJIA, Individually (MEJIA) is a Mexican citizen who resides in Mexico and may be served under the terms of the 1965 Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.  He may also be served under the terms of the 1975 Inter-American Convention on Letters Rogatory and the 1979 Additional Protocol to the Inter-American Convention on Letters Rogatory, or by any method otherwise allowed by the Federal Rules of Civil Procedure.  MEJIA may be served with process at Av. Lauro Villar KM. 1.5 #60 Col. Puertas Verdes, H. Matamoros, Tamaulipas, Mexico, or at any other address where he may be properly served.

5.    In the alternative, ROMULO MEJIA may be served with process by personal delivery, certified mail, restricted delivery, return receipt requested or by any other means allowed under the Federal Rules of Civil Procedure at 970 S. Indiana Avenue, Brownsville, Texas 78521 or wherever  he may be found.

6.    Defendant ARNULFO AMADOR RODRIGUEZ ("RODRIGUEZ") is a Mexican citizen who resides in Mexico. He may be served under the terms of the 1965 Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.  He may also be served under the terms of the 1975 Inter-American Convention on Letters Rogatory and the 1979 Additional Protocol to the Inter-American Convention on Letters Rogatory, or by any

method otherwise allowed by the Federal Rules of Civil Procedure. RODRIGUEZ may be served with process at his place of employment at Av. Lauro Villar KM. 1.5 #60 Col. Puertas Verdes, H. Matamoros, Tamaulipas, Mexico, or at Calle Luis Echeverria Alvarez numero 14, colonia Miguel Hidalgo, en la ciudad de Matamoros, Tamaulipas, or at 27 y 25 Herrera Torres numero 1142, colonia Heroe de Nacozari, ciudad Victoria, Tamaulipas, or at any other address where he may be properly served.

7.     In the alternative, ARNULFO AMADOR RODRIGUEZ may be served with process by personal delivery, certified mail, restricted delivery, return receipt requested or by any other means allowed under the Federal Rules of Civil Procedure at 970 S. Indiana Avenue, Brownsville, Texas 78521 or wherever he may be found.

### B. Jurisdiction

8.     The Court has jurisdiction under 28 U.S.C. § 1332(a)(2) because this suit is between a citizen of a state and citizens and subjects of a foreign state and the amount in controversy exceeds $75,000, excluding interest and costs, as described in Paragraph 7 below.

### C. Venue

9.     Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in and around Brownsville, Cameron County, Texas.

### D. Facts

10.    On or about May 15, 2001, Defendant RODRIGUEZ, a truck driver, acting as an employee or independent contractor under the control of Defendants MEJIA and ROMEDU, attached a cab to a loaded trailer of merchandise at DANNY HERMAN TRUCKING's yard in Brownsville, Texas. Neither MEJIA, ROMEDU nor RODRIGUEZ had authority to hook up or

move the trailer in question. RODRIGUEZ then drove the cab and trailer across the border into Mexico without proper paperwork, where the trailer and its contents were seized by Mexican authorities. Efforts to secure release of the trailer and merchandise have failed.

11.     The merchandise in the trailer consisted of telephone equipment DANNY HERMAN TRUCKING was supposed to deliver to Valley Cargo in Brownsville, Texas. Team Air Express, Inc., the freight broker, has demanded payment from DANNY HERMAN TRUCKING in the amount of $1,123,200.00 for the merchandise, and has sued DANNY HERMAN TRUCKING for the value of the merchandise and related charges in Cause No. 6:03CV242 pending in the United States District Court for the Eastern District of Texas, Tyler Division, which DANNY HERMAN TRUCKING intends to move to transfer to this Court under 28 U.S.C. § 1404.

### E. Count 1-Negligence

12.     MEJIA, ROMEDU and RODRIGUEZ acted negligently. MEJIA, ROMEDU and RODRIGUEZ had a duty to DANNY HERMAN TRUCKING to exercise reasonable care in conducting business in DANNY HERMAN TRUCKING's yard, and breached that duty by removing the trailer and merchandise from the yard and driving the trailer into Mexico without authority and without proper paperwork. MEJIA, ROMEDU and RODRIGUEZ's conduct proximately caused the damages of which DANNY HERMAN TRUCKING complains. MEJIA, ROMEDU and RODRIGUEZ also breached other duties which constituted negligence and which proximately caused the damages incurred by DANNY HERMAN TRUCKING.

### F. Count 2-Conversion

13.     MEJIA, ROMEDU and RODRIGUEZ are liable for conversion of the trailer and merchandise. DANNY HERMAN TRUCKING had in its possession and had the right to immediately possess the trailer and merchandise for purposes of transporting the merchandise to

---

**ORIGINAL COMPLAINT OF PLAINTIFF DANNY HERMAN TRUCKING, INC.**          **PAGE 1 OF 4**

Valley Cargo. MEJIA, ROMEDU and RODRIGUEZ wrongfully exercised control over such personal property by removing it from DANNY HERMAN TRUCKING's yard and driving it into Mexico without authority and without proper paperwork. DANNY HERMAN TRUCKING demanded return of the trailer and merchandise, and MEJIA, ROMEDU and RODRIGUEZ refused. MEJIA, ROMEDU and RODRIGUEZ's conduct proximately caused the damages of which DANNY HERMAN TRUCKING complains.

### G. Count 3-Indemnity and Contribution

14.    Based on the foregoing facts in Paragraphs 10 through 13, which are incorporated by reference herein, in the unlikely event DANNY HERMAN TRUCKING is found to have any liability, DANNY HERMAN TRUCKING is entitled to indemnity, contribution, and a defense by and from MEJIA, ROMEDU and RODRIGUEZ under common law, statute, including Chapters 32 and 33 of the Texas Civil Practice and Remedies Code, and any applicable contract. MEJIA, ROMEDU and RODRIGUEZ are also responsible third parties under Chapter 33 of the Texas Civil Practice and Remedies Code with respect to the suit filed against DANNY HERMAN TRUCKING by Team Air Express, Inc.

### H. Count 4-Attorney's Fees

15.    DANNY HERMAN TRUCKING is entitled to attorney's fees under applicable law.

### I. Damages

16.    Because of MEJIA, ROMEDU and RODRIGUEZ's conduct, DANNY HERMAN TRUCKING was unable to deliver the merchandise to Valley Cargo, lost the trailer and its contents, became the subject of a demand for $1,123,000.00 by Team Air Express and a suit for this amount and related charges, and lost future business with Team Air Express, the shipper, and the receiving party. DANNY HERMAN TRUCKING's damages further include the value of

contents, became the subject of a demand for $1,123,000.00 by Team Air Express and a suit for this amount and related charges, and lost future business with Team Air Express, the shipper, and the receiving party. DANNY HERMAN TRUCKING's damages further include the value of damages claimed by Team Air Express, Inc. or other interested party in any related claim, and the cost of defending the suit brought against DANNY HERMAN TRUCKING by Team Air Express, Inc.

### J. Jury Demand

13.    DANNY HERMAN TRUCKING demands a trial by jury in accordance with Federal Rule of Civil Procedure 38 and any other applicable law.

### K. Prayer

14.    Plaintiff DANNY HERMAN TRUCKING, INC. prays that it have and recover against Defendants AUTO TRANSPORTES ROMEDU, S.A. DE C.V. and ARNULFO AMADOR RODRIGUEZ damages, attorney's fees, costs, pre- and post-judgment interest, and such other and further relief to which it may be entitled at law or in equity.

DATED:  June 12, 2003.

Respectfully submitted,

**TORTEYA & TORTEYA, P.L.L.C.**
700 E. Washington Street
Brownsville, Texas 78520
(956) 550-8373
(956) 550-8353 Facsimile

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By_____
            Deputy Clerk

By:    _____
        IGNACIO TORTEYA, III
        State Bar No. 00795685
        Fed. I.D. No. 20917

ORIGINAL COMPLAINT OF PLAINTIFF DANNY HERMAN TRUCKING, INC.        PAGE 5 OF 6

<u>Of Counsel:</u>

**HICKS & LUCKY, P.C.**
JEFFREY T. LUCKY
State Bar No. 12667350
5812 Cromo Drive
El Paso, Texas  79912-5502
(915) 834-8400
(915) 587-8401 Facsimile


Attorneys for Plaintiff
DANNY HERMAN TRUCKING, INC.

---

MapQuest· Driving Directions· North America

11/14/03 10.02 AM



   

·Home  ·Help

MAPS    DRIVING DIRECTIONS    ROAD TRIP PLANNER    YELLOW PAGES

**Orbitz Travel Deals**

▣ **Hotels:**
Save up to 70% on Orbitz Savers nationwide. Search Tyler, TX!

▣ **Flights:**
Find low fares to your destination!

▣ **Rental Cars:**
Find special offers on rental prices in your destination!



**FROM:**
600 E Harrison St
Brownsville, TX
78520-7176 US

**TO:**
211 W Ferguson St
Tyler, TX
75702-7212 US



☒ **Brownsville Offers:**
[ Hotels ▾ ] [Go]

☒ **Tyler Offers:**
[ Hotels ▾ ] [Go]

**Total Distance:** 632.24 miles
**Total Estimated Time:** 10 hours, 45 minutes

**E-mail Route:** [                    ]

[ user@email.com ] [Go]  Or, **Send to a PCS Phone**    Sprint.

[ PRINT ROUTE ]  [ REVERSE ROUTE ]  [ DOWNLOAD TO PDA ]

**Yellow Pages**

Search **Tyler** for:

[ Auto repair ▾ ]

[Search]

**Find a hotel**

Save up to 70% on Orbitz Savers Nationwide. Search now!



Orbitz Saver





| DIRECTIONS | DISTANCE |
|---|---|
| **1:** Start out going Southeast on E HARRISON ST toward E 7TH ST. | 0.00 miles |
| **2:** Turn LEFT onto E 7TH ST. | 0.50 miles |
| **3:** Turn SLIGHT LEFT onto US-83 N/ US-77 N. | 0.14 miles |
| **4:** Merge onto US-77 N. | 147.18 miles |
| **5:** Merge onto I-37 N via the exit- on the left- toward SAN ANTONIO/ VICTORIA. | 119.63 miles |
| **6:** Merge onto I-410 N via exit number 133. | 14.00 miles |
| **7:** Merge onto I-35 N/ US-81 N. | 204.80 miles |
| **8:** Take the I35E N exit toward DALLAS. | 0.35 miles |
| **9:** Merge onto I-35E N. | 47.02 miles |
| **10:** Merge onto I-20 E via exit number 418B toward SHREVEPORT. | 87.98 miles |
| **11:** Take the exit- exit number 556- toward US-29/ TYLER/ LINDALE. | 0.25 miles |
| **12:** Stay straight to go onto I-20 E. | 0.11 miles |
| **13:** Turn RIGHT onto US-69 S/ MINEOLA HWY. Continue to follow US-69 S. | 8.58 miles |
| **14:** Stay straight to go onto W GENTRY PKWY/ TX-147 SPUR. | 1.09 miles |
| **15:** Turn RIGHT onto N BROADWAY AVE. | 0.55 miles |
| **16:** Turn RIGHT onto W FERGUSON ST. | 0.07 miles |

| **Total Estimated Time:** 10 hours, 45 minutes | **Total Distance:** 632.24 miles |
|---|---|



EXHIBIT
tabbies
B

MapQuest* Driving Directions North America

### Need a place to stay?

Find a local hotel!



If you drove a 2004 Prius, you could save $57.50 on this trip.

**START SAVING GAS, MONEY AND THE PLANET.**
The next generation Toyota Prius with Hybrid Synergy Drive.®

Visit toyota.com/prius for more.

**ROUTE OVERVIEW:**



Click on a map will:  ○ Zoom In  ● Re-center

All rights reserved. Use Subject to License/Copyright

Map Legend    NAVTECH

**DESTINATION:**

**211 W Ferguson St**
**Tyler, TX**
**75702-7212 US**



**Re-display Directions with:**

http://www.mapquest.com/directions/main.adp?go=1&do=nw&ct=NA&1y=US&1a=600+E.+Harrison+Street&1c=Brownsville&1s=TX&1z=78520&1ah=&2y=US&2a=211+W+Ferguson&2c=Tyler&2s=TX&2z=75710&2ah=

MapQuest: Driving Directions: North America

11/14/03 10:02 AM

◉ Overview Map with Text    ◯ Text Only    ◯ Turn-by-Turn Maps with Text

**RE-DISPLAY ROUTE**

These directions are informational only. No representation is made or warranty given as to their content, road conditions or route usability or expeditiousness. User assumes all risk of use. MapQuest and its suppliers assume no responsibility for any loss or delay resulting from such use.

Site Index | About MapQuest | Partners | Help Center
International Web Sites | Mobile MapQuest | Advertise With Us | Business Solutions

Privacy Policy & Legal Notices
© 2003 MapQuest.com, Inc. All rights reserved.

    

MAPS   DRIVING DIRECTIONS   ROAD TRIP PLANNER   YELLOW PAGES

∘ Home   ∘ Help

**Orbitz Travel Deals**

◢ **Hotels:**
Save up to 70% on Orbitz Savers nationwide. Search Tyler, TX!

◢ **Flights:**
Find low fares to your destination!

◢ **Rental Cars:**
Find special offers on rental prices in the Dallas/Fort Worth area!



**Yellow Pages**

Search **Tyler** for:

Auto repair ⬍

[Search]

| | |
|---|---|
| **FROM:** | **TO:** |
| 1100 Commerce St | 211 W Ferguson St |
| Dallas, TX | Tyler, TX |
| 75242-1027 US | 75702-7212 US |
| ▣ Dallas Offers: | ▣ Tyler Offers: |
| Hotels ⬍ [Go] | Hotels ⬍ [Go] |

**Total Distance:** 97.88 miles
**Total Estimated Time:** 1 hour, 49 minutes

**E-mail Route:** _____

[user@email.com] [Go]  Or,  Send to a PCS Phone   ◆ **Sprint.**

[ PRINT ROUTE ]  [ REVERSE ROUTE ]  [ DOWNLOAD TO PDA ]

| **DIRECTIONS** | **DISTANCE** |
|---|---|
| **1:** Start out going East on COMMERCE ST toward S GRIFFIN ST. | 0.78 miles |
| **2:** Turn SLIGHT LEFT to take the I-45 S ramp toward I-30. | 0.18 miles |
| **3:** Merge onto I-30 E/ US-67 N. | 6.46 miles |
| **4:** Merge onto US-80 E via exit number 52C toward TERRELL. | 19.09 miles |
| **5:** Take TX-557 SPUR E toward I-20 E/ SHREVEPORT. | 3.73 miles |
| **6:** Merge onto I-20 E toward SHREVEPORT. | 57.00 miles |
| **7:** Take the exit- exit number 556- toward US- 29/ TYLER/ LINDALE. | 0.25 miles |
| **8:** Stay straight to go onto I-20 E. | 0.11 miles |
| **9:** Turn RIGHT onto US-69 S/ MINEOLA HWY. Continue to follow US-69 S. | 8.58 miles |
| **10:** Stay straight to go onto W GENTRY PKWY/ TX-147 SPUR. | 1.09 miles |
| **11:** Turn RIGHT onto N BROADWAY AVE. | 0.55 miles |
| **12:** Turn RIGHT onto W FERGUSON ST. | 0.07 miles |

| | |
|---|---|
| **Total Estimated Time:** 1 hour, 49 minutes | **Total Distance:** 97.88 miles |

**Need a place to stay?**

Find a local hotel!

**Find a hotel**

Save up to 70% on Orbitz Savers Nationwide. Search now!




If you drove a 2004 Prius, you could save $8.90 on this trip.



**START SAVING GAS, MONEY AND THE PLANET.**
The next generation Toyota Prius with Hybrid Synergy Drive.®
Visit toyota.com/prius for more.



**ROUTE OVERVIEW:**



EXHIBIT

C

MapQuest Driving Directions North America

11/14/03 10 00 AM



Click on a map will: ○ Zoom In ● Re-center

All rights reserved. Use Subject
to License/Copyright

Map Legend    NAVTECH

**DESTINATION:**

**211 W Ferguson St**
**Tyler, TX**
**75702-7212 US**



© 2003 MapQuest.com, Inc.; © 2003 GDT, Inc.

**Re-display Directions with:**

● Overview Map with Text    ○ Text Only    ○ Turn-by-Turn Maps with Text

**RE-DISPLAY ROUTE**

These directions are informational only. No representation is made or warranty given
as to their content, road conditions or route usability or expeditiousness. User
assumes all risk of use. MapQuest and its suppliers assume no responsibility for
any loss or delay resulting from such use.

Site Index | About MapQuest | Partners | Help Center
International Web Sites | Mobile MapQuest | Advertise With Us | Business Solutions

Privacy Policy & Legal Notices
© 2003 MapQuest.com, Inc. All rights reserved.