UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 9 2003

Michael N. Milby
Clerk of Court

DANNY HERMAN TRUCKING, INC., §
§
Plaintiff, §
§ CIVIL ACTION NO. B-03-111
v. §
§
AUTO TRANSPORTES ROMEDU, S.A. §
DE C.V., ROMULO MEJIA, §
Individually, and ARNULFO AMADOR §
RODRIGUEZ, Individually, §
§
Defendants. §

**PLAINTIFF DANNY HERMAN TRUCKING, INC.'S
MEMORANDUM IN OPPOSITION TO
DEFENDANTS AUTO TRANSPORTES ROMEDU, S.A. DE C.V.
AND ROMULO MEJIA'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff DANNY HERMAN TRUCKING, INC. ("Plaintiff") files this memorandum in opposition to the motion for summary judgment filed by Defendants AUTO TRANSPORTES ROMEDU, S.A. DE C.V. ("ROMEDU") and ROMULO MEJIA ("MEJIA") (collectively "Defendants"), and asks the Court to deny Defendants' motion for summary judgment.

**I.
FACTUAL BACKGROUND**

1. On June 12, 2003, Plaintiff filed this suit alleging Defendant ARNULFO AMADOR RODRIGUEZ ("RODRIGUEZ"), a truck driver, acting on behalf of MEJIA and ROMEDU, wrongfully attached a cab to a loaded trailer of merchandise in Plaintiff's yard, then drove the cab and trailer across the border into Mexico without proper paperwork, resulting in seizure of the cab, trailer, and merchandise by the Mexican government. See Plaintiff's Original Complaint, on file herein.

2.   On October 7, 2003, the Court held an initial pretrial and scheduling conference, which the Court continued until November 20, 2003.

3.   On November 5, 2003, Plaintiff filed a motion to transfer venue, which the Court set for hearing on November 20, 2003.

4.   On or about November 10, 2003, Plaintiff received a copy of Defendants' motion for summary judgment, regarding which Plaintiff has received no notice of hearing.

## II.
## OBJECTIONS

5.   Plaintiff objects to Defendants' motion for summary judgment being heard at the scheduling conference on November 20, 2003. Proper notice of such a hearing has not been received. If heard on this date, Defendants' motion for summary judgment should be denied for lack of proper notice. See Daniels v. Morris, 746 F.2d 271, 274 (5th Cir. 1984) (holding that if there is an oral hearing on a motion for summary judgment, Federal Rule of Civil Procedure 56(c) requires 10 days advance notice of the hearing).

6.   Plaintiff further objects to Defendants' motion for summary judgment as being premature. The scheduling conference in this case has not been completed, and no discovery has been initiated by either side. Plaintiff cannot fully respond to the motion at this early stage without obtaining discovery concerning, among other matters: (1) agency, employment, subcontractor, and/or other relationships between ROMEDU, MEJIA, and RODRIGUEZ; (2) the facts and circumstances under which ROMEDU, MEJIA, and RODRIGUEZ did business in Plaintiff's yard at the relevant time; and (3) ownership of the cab in question. Accordingly, Defendants' motion should be denied as being premature, or in the alternative, continued until there has been adequate time to conduct discovery.

7. Plaintiff further objects to the purported summary judgment evidence submitted by Defendants, which consists of two exhibits, both entirely in Spanish, one entitled "Declaracion Jurada de Romulo Mejia," and the other having the heading "Sala Regional Del Golfo Norte Expediente 581/02-18-01-5; Actor: Arnulfo Amador Rodriguez; Autoridad Demandada: Aduana De Matamoros, Tamaulipas." Absent certified translations into English, which have not been provided, these documents are not competent summary judgment evidence, are inadmissible, and therefore should be struck. See Crescent Towing & Salvage Co., Inc. v. M/V Anax, 40 F.3d 741, 746 (5th Cir. 1994) (requiring English translation of foreign language documents to be submitted as summary judgment evidence). Because Defendants' motion for summary judgment is based entirely on these defective exhibits, Defendants' motion should be denied.

### III.
### SUMMARY JUDGMENT STANDARD

8. Summary judgment is proper only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). At the summary judgment stage, the role of the court is not to weigh the evidence and determine the truth of the allegations, but rather to determine whether there is a genuine issue for trial. Little v. Liquid Air Corp., 952 F.2d 841, 847 (5th Cir. 1992). The court must review the evidence, as well as the inferences that may be drawn from the evidence, in the light most favorable to the party opposing the motion. Id. The existence of a genuine issue of material fact precludes summary judgment. Id.

9. The party moving for summary judgment bears the burden to establish that its opponent has failed to raise a genuine issue of material fact. Id. To satisfy this burden, the moving party may submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense. Id. Only if the moving party satisfies this burden does the burden

shift to the opponent to demonstrate that summary judgment is inappropriate. Id.; Fed. R. Civ. P. 56(e).

## IV.
## ARGUMENT AND AUTHORITIES

10.    Because the purported summary judgment evidence submitted by Defendants is defective and inadmissible, as set forth in ¶ 7 of this memorandum, Defendants have failed to satisfy their initial burden and their motion for summary judgment should be denied. Defendants' motion for summary judgment should also be denied because proper notice of hearing has not been given and because the motion is premature, as set forth in ¶ 5 and ¶ 6 of this memorandum.

11.    Alternatively, and without waiving the foregoing objections and arguments, Defendants' motion for summary judgment should be denied because there are genuine issues of material fact precluding summary judgment.

12.    In their motion for summary judgment, Defendants allege it is undisputed that: (1) RODRIGUEZ is not and has never been an employee of ROMEDU; (2) RODRIGUEZ was never dispatched by and has never been given authority to pick up loads or cargo for ROMEDU; (3) ROMEDU did not own the confiscated tractor and trailer; (4) MEJIA and ROMEDU had no knowledge of the load taken into Mexico on or about May 15, 2001, and (5) if there was any pick up or delivery at Danny Herman Trucking, it was done without the express or implied consent of Defendants.

13.    In an affidavit attached to this motion as Exhibit "A," Joe Herman, president of DANNY HERMAN TRUCKING, states he met in person with MEJIA and understood MEJIA to acknowledge that RODRIGUEZ worked for MEJIA and ROMEDU, that around the middle of May, 2001, RODRIGUEZ was supposed to pick up an empty trailer for MEJIA and ROMEDU from DANNY HERMAN TRUCKING's yard in Brownsville, and that instead RODRIGUEZ

removed the wrong trailer which was loaded with freight and drove it across the border into Mexico, where it was seized by the Mexican government.

14. Joe Herman's affidavit raises genuine issues as to the following alleged material facts: (1) whether RODRIGUEZ worked for MEJIA and ROMEDU; (2) whether RODRIGUEZ was dispatched by and had authority to pick up trailers for MEJIA and ROMEDU; (3) whether MEJIA and ROMEDU had knowledge of the load taken into Mexico; and (4) whether MEJIA and ROMEDU consented to a pick up at DANNY HERMAN TRUCKING's yard around the middle of May, 2001. Accordingly, because there are genuine issues as to these alleged material facts, summary judgment is precluded.

15. Regarding the remaining alleged material fact, namely that ROMEDU did not own the confiscated tractor and trailer, Defendants have failed to show how this alleged fact negates the existence of any essential element of Plaintiff's claims. Further, it is undisputed that the trailer and freight in question belonged to a third party and were wrongfully removed from Plaintiff's yard. As to ownership of the cab, Defendants do not claim that MEJIA and/or RODRIGUEZ did not own the cab. Further, Plaintiff has not had an opportunity to conduct discovery on this issue as set forth in ¶ 6 of this memorandum, and requests an opportunity to do so if Defendants' motion is not denied.

16. Accordingly, Defendants' motion for summary judgment should be denied because it is premature, based on inadmissible evidence, and not properly noticed for hearing and, alternatively, because there are genuine issues of material fact precluding summary judgment.

## V.
## SUMMARY JUDGMENT EVIDENCE

17.     In support of this memorandum, Plaintiff relies on the affidavit of Joe Herman attached as Exhibit "A" and all pleadings and other papers on file in this matter, which are incorporated by reference herein for all purposes.

## VI.
## CONCLUSION

18.     Defendants' motion for summary judgment should be denied because proper notice of hearing has not been given, the motion is premature, and the purported summary judgment evidence submitted by Defendants is defective and inadmissible. Alternatively, Defendants' motion should be denied because there are genuine issues of material fact precluding summary judgment. Alternatively, Defendants' motion for summary judgment should be continued until after Plaintiff has had an adequate opportunity to conduct appropriate discovery.

## VII.
## PRAYER

19.     WHEREFORE, Plaintiff DANNY HERMAN TRUCKING, INC. prays Defendants' motion for summary judgment be denied, or in the alternative continued until after Plaintiff has had an adequate opportunity to conduct appropriate discovery, and for such other and further relief to which Plaintiff may be justly entitled at law or in equity.

Date on November 5, 2003.

        Respectfully submitted,

        **TORTEYA & TORTEYA, P.L.L.C.**

        By: _____
           IGNACIO TORTEYA, III
        State Bar No. 00795685
        Fed. I.D. No. 20917
        700 E. Washington Street
        Brownsville, Texas 78520
        (956) 550-8373
        FAX (956) 550-8353

        **HICKS & LUCKY, P.C.**
        **JEFFREY T. LUCKY**
        State Bar No. 12667350
        5812 Cromo Drive
        El Paso, Texas 79912-5502
        (915) 834-8400
        FAX (915) 587-8401

        **Attorneys for Plaintiff**
        **DANNY HERMAN TRUCKING, INC.**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I certify that on the above date a true and correct copy of the foregoing document was delivered via hand delivery, to JAIME A. SAENZ, RODRIGUEZ, COLVIN & CHANEY, L.L.P., 1201 East Van Buren, P.O. Box 2155, Brownsville, Texas 78522, Attorney for Defendants ROMEDU and MEJIA.

_____
Ignacio Torteya, III

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DANNY HERMAN TRUCKING, INC., § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. B-03-111 |
| v. § | |
| § | |
| AUTO TRANSPORTES ROMEDU, S.A. § | |
| DE C.V., ROMULO MEJIA, § | |
| Individually, and ARNULFO AMADOR § | |
| RODRIGUEZ, Individually, § | |
| § | |
| Defendants. § | |

STATE OF TENNESSEE §

COUNTY OF JOHNSON §

### AFFIDAVIT OF JOE HERMAN

Before me, the undersigned notary, on this day personally appeared JOE HERMAN, a person whose identity is known to me. After I administered an oath to him, upon his oath, he said:

1. "My name is Joe Herman. I am competent and capable of making this affidavit. I have personal knowledge of the facts stated in this affidavit, and they are true and correct.

2. "I am DANNY HERMAN TRUCKING, INC.'s president and have been in this position for seven years. I am familiar with DANNY HERMAN TRUCKING's business and operations, including its business and operations in Brownsville, Texas, at the time of the incident giving rise to this suit.

3. "Shortly after May 11, 2001, I was informed that on this date certain freight (subsequently made the subject of this suit) had been wrongfully removed from DANNY



HERMAN TRUCKING's yard in Brownsville, Texas, driven across the border into Mexico without proper paperwork, and seized by the Mexican government.

4. "Within several months after being so informed, I met in person with ROMULO MEJIA and other individuals to discuss the incident. At this meeting, I understood MEJIA to acknowledge that ARNULFO RODRIGUEZ worked for MEJIA and MEJIA's trucking company, AUTO TRANSPORTES ROMEDU, that around the middle of May, 2001, RODRIGUEZ was supposed to pick up an empty trailer for MEJIA and ROMEDU from DANNY HERMAN TRUCKING's yard in Brownsville, and that instead RODRIGUEZ removed the wrong trailer which was loaded with freight and drove it across the border into Mexico, where it was seized by the Mexican government."

_____
JOE HERMAN

SWORN TO and SUBSCRIBED before me by JOE HERMAN on November 19, 2003.



_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TENNESSEE

MY COMMISSION EXPIRES:

Aug. 21, 2005

K:\LIT\Herman Express v. DHT 157-001\Pleadings\affidavit-JH.doc-arp-sw

**AFFIDAVIT OF JOE HERMAN**                                              **PAGE 2**