United States District Court
Southern District of Texas
FILED

DEC 0 3 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANNY HERMAN TRUCKING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-03-111 |
| v. | § | |
| | § | |
| AUTO TRANSPORTES ROMEDU, S.A. | § | |
| DE C.V., ROMULO MEJIA, | § | |
| Individually, and ARNULFO AMADOR | § | |
| RODRIGUEZ, Individually, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF DANNY HERMAN TRUCKING, INC.'S REPLY TO
DEFENDANTS AUTO TRANSPORTES ROMEDU, S.A. DE C.V. AND ROMULO
MEJIA'S RESPONSE TO PLAINTIFF'S MOTION TO TRANSFER VENUE**

Plaintiff DANNY HERMAN TRUCKING, INC. ("Plaintiff") files this reply to Defendants AUTO TRANSPORTES ROMEDU, S.A. DE C.V. ("ROMEDU") and ROMULO MEJIA ("MEJIA") (collectively "Defendants")'s response to Plaintiff's motion to transfer venue.

**I.**

1. Defendants contend Plaintiff made a "judicial admission" in its Original Complaint by informing the Court of a related suit pending in Tyler, Texas, and of its intent (at that time) to move to transfer the Tyler suit to this Court under 28 U.S.C. § 1404. See Defendants' Auto Transportes Romedu and Romulo Mejia Response to Plaintiff Danny Herman Trucking, Inc.'s Motion to Transfer Venue, P. 2, Lines 7, passim ("Defendants' Response"); see also Plaintiff's Original Complaint, ¶ 11. However, such a mere statement of intent is neither a "judicial admission" nor binding in any way, and Defendants cite no authority to the contrary.

2.  Moreover, even if such a mere statement of intent could be considered an admission, the statement in question could only be considered an admission of Plaintiff's transitory intent at the time its Original Complaint was filed on June 12, 2003. In the intervening months between that date and the filing of Plaintiff's motion to transfer on November 5, 2003, Plaintiff re-evaluated the grounds for transfer and concluded that a motion to transfer this case to Tyler was proper based on the relevant factors as set forth in its motion.

3.  Plaintiff is by no means bound by its initial choice of venue, nor estopped in any way from seeking a transfer after filing suit in a particular forum. See Ferens v. John Deere Co., 494 U.S. 516 (1990) (holding that plaintiffs as well as defendants may move for transfer of venue under 28 U.S.C. § 1404).

## II.

4.  Defendants contend the plaintiff's choice of forum is not the controlling or even most important factor in evaluating a motion to transfer. Defendants' Response, P. 8, Lines 7-10. However, there is "overwhelming precedent" that: (1) a "strong presumption" favors the plaintiff's choice of forum; (2) the plaintiff's right to choose the forum is "well-established"; and (3) the plaintiff's choice is "highly esteemed" and "entitled to great deference." Mohamed v. Mazda Motor Corp., 90 F. Supp. 2d 757, 771-72 (E.D. Tex. 2000). Plaintiff's choice of forum in this case is evidenced by its motion to transfer venue to Tyler. Plaintiff requests that the Court accord that choice appropriate consideration.

## III.

5.  Defendants contend Brownsville is a more convenient forum for non-party witnesses, namely Mexican customs officials. Defendants' Response, P. 9, ¶ IV.B. However, Defendants do not suggest they actually intend to call any such foreign official(s) to testify at trial. Further, even

if Defendants intended to do so, they have pointed to no procedure under which a foreign government official can be compelled to cross the border to provide testimony at a trial in the United States. On the other hand, if, as Defendants suggest, Mexican government officials are to be deposed in Mexico (assuming this can be done) or, for that matter, in Brownsville (assuming they consent), it makes no difference to these witnesses whether this case is transferred to Tyler, since they will not be traveling there.

6. Because Defendants mention no other non-party witnesses, the only non-party witnesses whose interests need be considered are representatives of Team Air Express, Inc., as set forth in Plaintiff's Motion to Transfer. Although Defendants are correct in stating that Team Air Express is a party in the pending Tyler case, being a party to that case in no way makes Team Air Express a party to this case, and in no way lessens the greater inconvenience for its representatives to travel to Brownsville than to Tyler.

### IV.

7. Defendants contend it would be more convenient for Plaintiff as well as Defendants to try this case in Brownsville than in Tyler. Defendants' Response, P. 7, § IV.A., ¶¶ 1-2. Plaintiff has expressed its venue preference by filing its motion to transfer, and Defendants' attempt to speak on Plaintiff's behalf regarding its convenience or benefit should be disregarded.

### V.

8. Defendants contend or imply that as a result of revision of Federal Rule of Civil Procedure 45 in 1991, it is no longer the case that transfer of venue is often granted in the Southern District of Texas where key non-party witnesses reside over a hundred miles from the courthouse. Defendants' Response, P. 9-10, Section IV.C. However, Southern District case law

decided after 1991 holds to the contrary. See, e.g., Dupre v. Spanier Marine Corp., 810 F. Supp. 823, 825 (S.D. Tex. 1993).

### VI.

9. Defendants further contend the Court should consider the relative ease of access to sources of proof, calendar congestion, and where some of the events at issue took place. The significance of such factors is non-existent or minimal at best in this case, and in any event is heavily outweighed by the factors presented in Plaintiff's motion to transfer, that is, that transfer of this case to Tyler will serve the interests of judicial efficiency and the convenience of parties and witnesses in the interest of justice because: (1) it will avoid duplicative trials in Tyler and Brownsville; (2) it will avoid the need to transfer the Tyler case, which was filed first and has progressed further; (3) if the two cases are consolidated, it will be unnecessary to serve ROMEDU and MEJIA with process a second time; (4) appropriate deference will be shown Plaintiff's choice of forum; and (5) the convenience of non-party witnesses will be served.

### VII.

10. Finally, Plaintiff objects to Defendants' characterization of Plaintiff as "disingenuous," Defendants' Response, P. 2, Line 7; P. 5, Line 5; P. 10, Line 12; "sanctionable," id. at P. 5, Line 5, and impliedly lacking in candor, id. at P. 5, Line 26, as these characterizations are wholly unwarranted and completely without factual basis.

### VIII.
### PRAYER

11. WHEREFORE, Plaintiff DANNY HERMAN TRUCKING, INC. prays this suit be transferred to the United States District Court for the Eastern District of Texas, Tyler Division, and for such other and further relief to which it may be justly entitled at law or in equity.

Date on December 3, 2003.

        Respectfully submitted,

**TORTEYA & TORTEYA, P.L.L.C.**

By: _____
    **IGNACIO TORTEYA, III**
State Bar No. 00795685
Fed. I.D. No. 20917
700 E. Washington Street
Brownsville, Texas 78520
(956) 550-8373
FAX (956) 550-8353

**HICKS & LUCKY, P.C.**
**JEFFREY T. LUCKY**
State Bar No. 12667350
5812 Cromo Drive
El Paso, Texas 79912-5502
(915) 834-8400
FAX (915) 587-8401

**Attorneys for Plaintiff**
**DANNY HERMAN TRUCKING, INC.**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I certify that on the above date a true and correct copy of the foregoing document was delivered via hand delivery, to JAIME A. SAENZ, RODRIGUEZ, COLVIN & CHANEY, L.L.P., 1201 East Van Buren, P.O. Box 2155, Brownsville, Texas 78522, Attorney for Defendants ROMEDU and MEJIA.

_____
Ignacio Torteya, III