IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
FILED

JAN 1 4 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DANNY HERMAN TRUCKING, INC., § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. B-03-111 |
| AUTO TRANSPORTES ROMEDU, S.A. § | |
| DE C.V., ROMULO MEJIA, Individually, § | |
| and ARNULFO AMADOR RODRIGUEZ, § | |
| Individually, § | |
| Defendants. § | |
| § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is a Motion to Transfer Venue (Docket No. 11) filed by Plaintiff ("Danny Herman") and a Motion for Summary Judgment (Docket No. 12) filed by Defendants, collectively ("Romedu"). For the reasons stated below, it is recommended that the Motion to Transfer Venue should be granted and the Motion for Summary Judgment be disposed of by the transferee court.

### I. Factual Background

On or about November 22, 2000, Telular Corporation exported merchandise from Mexico to the United States, with shipping to be arranged by Team Air. Valley Cargo, Inc., in Brownsville, Texas, was to receive it on behalf of Brightstar de Mexico, S.A. de C.V., the importer. Team Air arranged for the merchandise to be shipped via Danny Herman, who took possession in Mexico and delivered it to a bonded trucking yard owned by Danny Herman in Brownsville, Texas. On or about May 15, 2001, while the trailer of merchandise was awaiting transport, it was erroneously taken by a driver, believed to be Rodriguez, an employee of Romedu and Mejia, across the border back into Mexico where it was seized by government

authorities.

Plaintiff, Danny Herman is a California corporation, with its principal place of business in Tennessee and registered to conduct business in Texas. Defendant, Auto Transportes Romedu, S.A. de C.V. is a Mexican corporation, with its principal place of business in Mexico. Defendant, Romulo Mejia is a Mexican citizen who resides in Mexico. Defendant, Arnulfo Amador Rodriguez, is a Mexican citizen who resides in Mexico.

## II. Procedural Background

### A. Proceedings in the Eastern District of Texas, Tyler Division

On April 14, 2003, Team Air Express, Inc. ("Team Air") filed suit against Danny Herman Herman Trucking, Inc. ("Danny Herman") in the 402nd Judicial District Court of Wood County, Texas, for breach of contract, negligence, and conversion claiming that Danny Herman or its agent negligently transported merchandise into Mexico without proper documentation which was ultimately seized by government authorities.

On May 21, 2003, Danny Herman removed the case to the United States District Court for the Eastern District of Texas, Tyler Division, styled *Team Air Express Inc. d/b/a Team World Wide v. Danny Herman Trucking Inc.*, Cause No. 03-CV-242 (hereinafter the "Tyler case") based on diversity of citizenship. On August 8, 2003, Danny Herman filed a third party action in the Tyler case against Romedu, but was unable to serve Romedu with process and counsel refused to accept service on their behalf.

### B. Proceedings in the Southern District of Texas, Brownsville Division

On June 12, 2003, Danny Herman filed the instant case against Romedu for negligence, conversion, indemnity and contribution based on diversity pursuant to 28 U.S.C. §1332 (a)(2), claiming that Romedu's employee, Rodriguez, mistakenly attached Team Air's cargo to his

2

tractor which was located in Danny Herman's trucking yard and transported it into Mexico without proper documentation. Danny Herman alleged that venue was proper in the Southern District where some of the events giving rise to the claim occurred in Brownsville, Texas. Danny Herman filed a Motion to Transfer Venue (Docket No. 11) to the Eastern District, Tyler Division, on November 5, 2003. Two days later, on November 7, 2003, Romedu filed a Motion for Summary Judgment (Docket No. 12) arguing that Rodriguez was not his employee at the time of the alleged transport.

## III. Claims of the Parties

### A. Danny Herman

Danny Herman argues that transfer of this case to the Eastern District pursuant to 28 U.S.C. § 1404 would serve the interests of justice because (1) it would avoid duplicative trials in Tyler and in Brownsville, (2) would avoid the need to transfer the Tyler case, which was filed first and progressed further, and (3) if the two cases are consolidated it would be unnecessary to serve Romedu a second time. Further, Team Air's principal place of business is in Winnsboro, Wood County, Texas, (approximately fifty miles from Tyler). Team Air's corporate executives will be key witnesses in both the Tyler and the Brownsville suits. They can provide pertinent testimony as to the merchandise, its value, handling, routing, rights and obligations, post seizure negotiations, and documentation.

### B. Romedu

Romedu argues that Danny Herman stated in its Original Complaint that venue was proper in the Southern District of Texas, which was a judicial admission, and it is now estopped from asserting that the case should be transferred, as part of a calculated attempt to forum shop.

Romedu also argues that Danny Herman should be subject to FED. R. CIV. P. 11 sanctions. Romedu contends that the Southern District, Brownsville Division, is a more convenient forum because all of the parties to the case are located in Brownsville or Matamoros, Mexico. In addition, the non-party witnesses (Mexican government officials) are located in Mexico.

## IV. Analysis

Under 28 U.S.C. § 1404, the Court may transfer a case at its discretion. Subsection (a) states that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In deciding whether a case should be transferred the district court is vested with wide discretion. *See Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir.1988); *Robertson v. M/V Cape Hunter*, 979 F.Supp. 1105, 1106 (S.D.Tex.1997). The party moving for a change of venue bears the burden of demonstrating why the forum should be changed. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir.1989);

### A. Transfer to a District Where the Case "Might Have Been Brought"

A court may not grant a section 1404(a) motion to transfer unless, at the time suit was filed, venue could have been properly laid in the proposed transferee court and that court could have exercised subject matter jurisdiction over the action and personal jurisdiction over all the defendants. *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir.1984).

Under the statutory venue provisions, 28 U.S.C. § 1391(a), "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving

rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." However, a defendant who is not a citizen of the United States, but a foreign alien, may be sued in any district. 28 U.S.C. § 1391(d).

Given that defendants Romedu and Rodriguez are Mexican citizens, it is clear that this case could have been brought in any district in Texas as provided in subsection (d). A court in the Eastern District could have exercised subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are diverse and the amount in controversy exceeds $75,000.00.

As to the issue of personal jurisdiction, a district court has personal jurisdiction over a non-resident defendant who is served according to a state's long-arm statute. FED. R. CIV. P. 4(k)(1)(A). Under most long arm statutes a person who commits a tort or does business within a state is within the reach of that state's long arm statute for the purposes of service in the federal court located in that state.

The Texas Long Arm Statute[1] authorizes personal jurisdiction to the extent it complies with due process. The exercise of personal jurisdiction comports with due process when " (1) that defendant purposely availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001).

---

[1] TEX. CIV. PRAC. & REM. CODE §17.041-17.045.

The minimum contacts aspect of the personal jurisdiction analysis can be established through either "contacts that give rise to 'specific' personal jurisdiction or those that give rise to 'general' personal jurisdiction." *Wilson v. Belin*, 20 F.3d 644 (5th Cir. 1994). In cases involving specific jurisdiction, i.e., exercise of personal jurisdiction over a defendant in suit arising out of or related to defendant's contacts with the forum, the court must examine the relationship between defendant, the forum, and the litigation. In cases involving general jurisdiction, i.e., exercise of personal jurisdiction over a defendant in a suit not arising out of or related to defendant's contacts with the forum, defendant's contacts with the forum are examined to determine whether they are sufficiently systematic and continuous as to support reasonable exercise of jurisdiction. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162 (5th Cir. 1985).

In cases where the defendant is a foreign citizen, a plaintiff may be able to use a state long-arm statute to serve a defendant in another country if the long-arm service comports with due process, the requirements of FED. R. CIV. P. 4(f), the principles of comity, and any other applicable legal principles of domestic or international law. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 644 (5th Cir. 1994).

The Tyler Division of the Eastern District could have exercised personal jurisdiction over the defendants under the Texas Long Arm Statute. Defendants' minimum contacts with the state can be established by both specific and general jurisdiction. Romedu maintains a permanent office and bonded trucking yard at 970 S. Indiana Avenue, Brownsville, Texas, 78521 which is a contact of a sufficiently systematic and continuous nature to support the reasonable exercise of jurisdiction. In addition, the acts or omissions claimed to have been committed by defendants, which give rise to the cause of action, are alleged to have taken place in Texas.

### B. Convenience of Witnesses and the Interests of Justice

Both private and public interest factors influence the court's transfer determination. *Houston Trial reports, Inc. v. LRP Publications, Inc.*, 85 F.Supp.2d 663, 668 (S.D. Tex. 1999). Private interest factors include: (1) the availability and convenience of witnesses and parties, (2) the cost of obtaining the attendance of witnesses and other trial expenses, (3) the location of books and records; (4) the place of the alleged wrong; (5) the plaintiff's choice of forum; (6) the possibility of delay and prejudice if transfer is granted; and (7) the location of counsel. *Id.* at 668 Pubic interest factors concern the efficient administration of justice including the conservation of judicial resources. *Id.* at 671. More specifically these include the administrative difficulties caused by court congestion, the local interest in adjudicating local disputes, the unfairness of burdening citizens in an unrelated forum with jury duty, and the avoidance of unnecessary problems in conflict of laws. *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 771 (E.D.Tex. 2000).

#### a. Convenience of Non-Party Witnesses

#### (1) Mexican Government Officials

Romedu contends that Brownsville is a more convenient forum for the non-party witnesses, i.e. the Mexican government officials who seized the merchandise. Danny Herman counters that there is no official procedure to compel these foreign officials to cross the border to provide testimony. Danny Herman also points out that because it is highly unlikely that the foreign officials could be compelled to testify, there remains only the alternative of taking their depositions.

As Danny Herman noted, there is no process by which the Mexican officials can be

compelled to testify either in Brownsville or in Tyler. In any event, their testimony seems mostly irrelevant in resolving the claims by Danny Herman for breach of contract, negligence, and conversion. Information at this point, regarding the current location of the merchandise and its whereabouts will be of minor consideration in resolving the question of liability.

### (2) Team Air

Danny Herman contends that Team Air would be the only likely non-party witness in this case as its corporate representatives would provide pertinent testimony as to the merchandise, its value, handling, routing, rights and obligations, and documentation. If the case were not transferred, these representatives would have the great inconvenience of traveling to Brownsville.

Team Air was the entity that contracted with Danny Herman to ship the merchandise and would have specific knowledge as to delivery arrangements, paperwork, and all other pertinent information relayed to them by Danny Herman's representatives concerning the mistaken taking of the trailer. As Team Air may be an important non-party witness in this case and is located near Tyler, it would be inconvenient for its representatives to travel to Brownsville.

### b. Plaintiff's Choice of Forum

The plaintiff's choice of forum generally should not be disturbed. *Henderson v. AT & T Corp.*, 918 F.Supp. 1059, 1065 (S.D.Tex.1996). Even if plaintiff is accused of blatant forum shopping, although irrelevant for transfer analysis, there remains a strong presumption favoring the plaintiff's choice of forum. *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 772 (E.D.Tex. 2000).

In this case, Danny Herman originally filed the case in the Brownsville Division and stated its intent to transfer the Tyler case to Brownsville. Danny Herman then filed its motion to

transfer the Brownsville case instead, noting that it had re-evaluated the grounds for transfer and that Tyler would be proper forum considering all the circumstances. A defendant is not the only party that can move for a transfer of venue. Accordingly, Danny Herman's choice of venue, although not his home forum, should be given great consideration in resolving this motion.

### c. Other Factors

The remaining factors that must be considered in a motion to transfer venue must also be reviewed. The cost and convenience of obtaining the attendance of the parties and party witnesses seem to be greater if the case were tried in Tyler, as Danny Herman and Romedu each have an office in Brownsville. As such, the location of books and records would most likely be at Danny Herman and Romedu's place of business in Brownsville, Texas, and Matamoros, Mexico. However, Joe Herman, the president of Danny Herman Trucking, Inc., who resides in Tennessee, would also be a key party witness. Joe Herman spoke with Romulo Mejia, owner of Romedu Trucking, who acknowledged the mistaken removal of the trailer by his employee Arnulfo Rodriguez. It would be just as inconvenient for Joe Herman to travel to Brownsville as it would be for him to travel to Tyler.

Further, there appears to be no possibility of delay and prejudice if this case is transferred, as the case in Tyler has moved farther along and there is no indication of docket congestion. Counsel for both parties are located in Brownsville, so plaintiff's counsel, as well both parties, would be equally inconvenienced by having to travel to Tyler.

Although it appears that some of the above factors weigh in favor of keeping the case in Brownsville, they are not outweighed by plaintiff's choice of forum, the convenience of non-party witnesses, and Danny Herman's attempt to implead Romedu as a third party in the Tyler

case as discussed below.

### C. Third Party Practice

The ability to implead a party in the transferee forum who may be liable is an important consideration in determining a motion to transfer. *Texas Utilities Co. v Santa Fe Industries, Inc.*, 553 F.Supp 106, 113 (N.D.Tex. 1982). In this case, Danny Herman has filed an action against Romedu as a third party defendant in the Eastern District. Although denying the transfer may not lead to multiple litigation between the same parties and of the same claims per se, efficient judicial administration would be better served if both cases were resolved at the same time and in the same forum, as each case revolves around the same incident and share common fact questions.

### V. Recommendation

The Court, in its sound discretion and pursuant to 28 U.S.C. § 1404, recommends that for the convenience of parties and witnesses and in the interest of justice, this case be transferred to the United States District Court for the Eastern District of Texas, Tyler Division.

**IT IS RECOMMENDED** that, Danny Herman's Motion to Transfer Venue be **GRANTED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

    DONE at Brownsville, Texas, this 14th day of January, 2004.

_____<br>
John Wm. Black<br>
United States Magistrate Judge