20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 2 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DANNY HERMAN TRUCKING, INC. | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | CASE NO. B-03-111 |
| AUTO TRANSPORTES ROMEDU, S.A. | § | |
| DE C.V., ROMULO MEJIA, | § | |
| Individually and ARNULFO AMADOR | § | |
| RODRIGUEZ, Individually | § | |
| Defendants. | § | |

**DEFENDANTS' AUTO TRANSPORTES ROMEDU, S.A. DE C.V. AND ROMULO MEJIA VERIFIED OPPOSED MOTION FOR LEAVE TO FILE OBJECTIONS TO THE MAGISTRATE JUDGES' REPORT AND RECOMMENDATION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants AUTO TRANSPORTES ROMEDU, S.A. DE C.V. AND ROMULO MEJIA file this their Verified Motion for Leave to File Objections to the Magistrate Judge's Report and Recommendation requesting that the Court grant it leave to file its Objections and in support thereof would show the Court as follows:

**I.**

On January 29, 2004, the undersigned counsel for Defendants Auto Transportes Romedu, S.A. De C.V. and Romulo Mejia received by facsimile an Order (Docket No. 19) entered by Judge Andrew Hanen adopting The Magistrate Judge's Report and Recommendation (Docket No. 18) and granting Danny Herman's Motion To Transfer Venue. The first notification counsel received of the Magistrate Judge's Report and Recommendation was on the 29th of January when the undersigned received Judge Hanen's Order of adoption. Counsel for Autos Transportes Romedu, S.A. De C.V. ("Romedu") and Romulo Mejia ("Mejia") was not provided with and did not receive a

copy of the Magistrate Judge's Report and Recommendation, which was apparently filed with the District Clerk on January 14, 2004. Consequently, counsel for Defendants Romedu and Mejia was not afforded an opportunity to timely file objections to the Report and Recommendation. *See Affidavit of Jaime A. Saenz, attached hereto as Exhibit A.*

## II.

Upon receipt of Judge Hanen's Order of adoption, contact was immediately made with the office of the clerk in the Brownsville Division in an effort to determine when the Report and Recommendation was served on the parties. In reviewing the Southern District's internal noticing information database, Maricela Perez[1] advised that there was no indication in their database that the Magistrate's Report and Recommendation, docket entry number 18, had ever been forwarded to any of the parties. Consequently, Defendants Romedu and Mejia respectfully request leave of Court to file their objections to the Magistrate Judge's Report and Recommendation, a copy of which is attached hereto. *See, Defendants Auto Transportes Romedu, S.A. De C.V. and Romulo Mejia Objections to the Magistrate Judge's Report and Recommendation, attached hereto as Exhibit B.*

WHEREFORE, PREMISES CONSIDERED, Defendants Auto Transportes Romedu, S.A. De C.V. and Romulo Mejia respectfully request this Court to grant them leave to file their Objections to the Magistrate Judge's Report and Recommendation and for such other and further relief to which they may show themselves justly entitled to receive.

---

[1] Maricela Perez is employed by the Clerk's office in the Brownsville Division of the Southern District of Texas.

Respectfully Submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

By: _____
    Jaime A. Saenz
    State Bar No. 17514859
    Joseph A. "Tony" Rodriguez
    State Bar No. 17146600
    1201 East Van Buren
    Post Office Box 2155
    Brownsville, Texas 78522
    Telephone:  (956) 542-7441
    Facsimile: (956) 541-2170

    **_Attorneys for Defendants Auto Transportes_**
    **_Romedu,  S.A. de C.V. and Romulo Mejia_**

## CERTIFICATE OF CONFERENCE

I hereby certify that on February 2, 2004, I conferred with Plaintiff's local counsel about the filing of Defendants' Auto Transportes Romedu, S.A. De C.V. and Romulo Mejia Objections to the Magistrate Judge's Report and Recommendation and Plaintiff's local counsel opposes to the filing of this motion.

Jaime A. Saenz

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2004, a true and correct copy of Defendants' Motion for Leave to File Objections to the Magistrate Judge's Report and Recommendation was served on all counsel of record by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Texas Rules of Civil Procedure,

Igancio Torteya, III
Torteya & Torteya, P.L.L.C.
700 E. Washington Street
Brownsville, Texas 78520

Jeffrey T. Lucky
Hicks & Lucky, P.C.
5812 Cromo Drive
El Paso, Texas 79912-5502

Jaime A. Saenz

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANNY HERMAN TRUCKING, INC. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. B-03-111 |
| AUTO TRANSPORTES ROMEDU, S.A. | § | |
| DE C.V., ROMULO MEJIA, | § | |
| Individually and ARNULFO AMADOR | § | |
| RODRIGUEZ, Individually | § | |
| Defendants. | § | |

## AFFIDAVIT OF JAIME A. SAENZ

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

**BEFORE ME**, the undersigned authority, on this day personally appeared Jaime A. Saenz who, after being duly sworn, deposes and says:

"My name is Jaime A. Saenz. I am over 18 years of age, have never been convicted of a crime and am competent to make this affidavit. I am the attorney in charge for Auto Transportes Romedu, S.A. De C.V. and Romulo Mejia. As such, I have personal knowledge of the facts stated herein which are true and correct."

"On January 29, 2004, I received an Order (Docket No. 19) entered by Judge Andrew Hanen adopting The Magistrate Judge's Report and Recommendation (Docket No. 18) and granting Danny Herman's Motion To Transfer Venue. The first notification I received of the Magistrate Judge's Report and Recommendation was on the 29th of January when I received Judge Hanen's Order of adoption. I was not provided with and did not receive a copy of the Magistrate Judge's Report and Recommendation, which was apparently filed with the District Clerk on January 14, 2004. Consequently, I was not afforded an opportunity to timely file objections to the Report and Recommendation."



Further, Affiant Sayeth Not.



JAIME A. SAENZ

**BEFORE ME**, the undersigned authority, on this day personally appeared Jaime A. Saenz who identified himself to me and who, after being duly sworn, stated to me that the statements herein are true and correct.

**SUBSCRIBED AND SWORN TO BEFORE ME** this the 2nd day of February, 2004.



Notary Public in and for
The State of Texas

MARIA BENAVIDES
Notary Public
State of Texas
My Commission Expires
May 22, 2005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANNY HERMAN TRUCKING, INC. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. B-03-111 |
| AUTO TRANSPORTES ROMEDU, S.A. | § | |
| DE C.V., ROMULO MEJIA, | § | |
| Individually and ARNULFO AMADOR | § | |
| RODRIGUEZ, Individually | § | |
| Defendants. | § | |

**DEFENDANTS' AUTO TRANSPORTES ROMEDU, S.A. DE C.V.
AND ROMULO MEJIA OBJECTIONS TO THE
MAGISTRATE JUDGES' REPORT AND RECOMMENDATION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants AUTO TRANSPORTES ROMEDU, S.A. DE C.V. AND ROMULO MEJIA file this their Objections to the Magistrate Judge's Report and Recommendation and would show the Court as follows:

## I.

## BACKGROUND

On April 14, 2003, Team Air Express, Inc. ("Team Air") filed suit against Danny Herman in Wood County, Texas claiming an interest in telephone equipment seized by Mexican federal officials as Danny Herman or its agent allegedly attempted to cross the border into Mexico without proper paperwork. *See "Plaintiff Danny Herman Trucking, Inc.'s Motion to Transfer Venue" previously filed herein.* Danny Herman subsequently removed the suit brought by Team Air to the Tyler Division of the Eastern District of Texas. *See "Plaintiff Danny Herman Trucking, Inc.'s Motion to Transfer Venue" previously filed herein.*



Shortly thereafter, on June 12, 2003, Danny Herman filed the instant suit against Defendants Auto Transportes Romedu, S.A. de C.V. ("Autos Transportes"), Romulo Mejia ("Mejia") and Arnulfo Rodriguez ("Rodriguez") in the Brownsville, Division of the Southern District of Texas. *See certified copy of "Danny Herman Trucking, Inc.'s Original Complaint," attached to Defendants Response to Plaintiff Danny Herman Trucking, Inc.'s Motion to Transfer Venue, previously filed herein.* As a basis for its suit, Danny Herman alleges that the Defendants transported the merchandise in question to Mexico without proper paperwork resulting in its seizure by Mexican officials. *Id.* Danny Herman further alleges that efforts to secure release of the trailer and merchandise have failed.   *Id.*

On August 8, 2003, Danny Herman filed a Third Party Complaint in the Eastern District against Defendants Auto Transportes Romedu, S.A. de C.V. ("Romedu"), Romulo Mejia ("Mejia") and Arnulfo Rodriguez ("Rodriguez") based on the same allegations raised in Danny Herman's Original Complaint filed in Brownsville. *See "Plaintiff Danny Herman Trucking, Inc.'s Motion to Transfer Venue" previously filed herein.* It is important to note that in its Third Party Complaint Danny Herman pleads, as the sole basis for venue and connection to the Eastern District, that "this district and division embrace the place where the removed action was pending." *Id. at Page 4, Para. 11.* To date, the Defendants not been served with the Third Party action pending in Tyler, Texas.

On June 12, 2003, Danny Herman filed an Original Complaint in the Southern District of Texas, Brownsville Division. *See certified copy of "Danny Herman Trucking, Inc.'s Original Complaint," previously filed herein as an exhibit to Defendant's Response to Plaintiff Danny Herman Trucking, Inc.'s Motion to Transfer Venue.* In its Complaint, Danny Herman affirmatively stated not only that

> "[v]enue is proper in the Southern District of Texas under 28 U.S.C. §1391 because a substantial part of the events and omissions giving rise to the claim occurred in and around Brownsville, Cameron County, Texas,"

but, more importantly, that it intended to "move to transfer to this Court under 28 U.S.C. §1404" the related case "Cause No. 6:03CV242 pending in the United States District Court for the Eastern District of Texas, Tyler Division." *See Id .at Para. 8 & 11.* Notwithstanding this apparent judicial admission, Danny Herman now disingenuously seeks to transfer the Brownsville case to Tyler in a calculated attempt to forum shop.

Thereafter, on November 5, 2003, Plaintiff Danny Herman Trucking, Inc. ("Danny Herman") filed its Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) seeking to transfer the instant lawsuit to the Eastern District of Texas, Tyler Division. Subsequently, on January 14, 2004, Magistrate Judge John Wm. Black issued his Report and Recommendation recommending that this case be transferred to the United States District Court for the Eastern District of Texas, Tyler Division.

## II.

## OBJECTIONS

### A.    Inaccurate or Unsupported Factual Statements

Defendants Romedu and Mejia first object to factually inaccurate or unsupported statements made in the Report and Recommendation, which appear to have been considered by the Court in its reasoning and basis for its final recommendation.

In its Report and Recommendation, the Court erroneously states that Defendant Arnulfo Amador Rodriguez is an employee of Romedu and Mejia. *See P. 1, Para. 1 of the Magistrate Judge's Report and Recommendation.*    However, as the Court later recognizes, Rodriguez's employment with these Defendants is a contested, material fact and the basis of Defendants' Romedu and Mejia Motion for Summary Judgment (Docket No. 12). *Id. at P. 2-3, Para. 4.*    There is no evidence before this Court, in either the Plaintiff's venue Motion or the Defendant's response, to support this proposition. Consequently, Defendant's object to any weight and consideration the Court may have afforded this contested fact in rendering its opinion.

The Court further notes that "counsel refused to accept service" of the Tyler action on behalf of Romedu. *Id. at P. 2, Para. 3.* While there is no evidence before this Court that efforts were made to serve Romedu or that those efforts were in fact unsuccessful, there also is no requirement for counsel to accept service on behalf of a party in a separate action. Therefore, Defendants object to any implication that counsel for Defendants, in any way, acted in bad faith or outside the scope of the Federal Rules of Civil Procedure. Moreover, without nothing more than self-serving statements before it, any reliance and weight given by the Court on the ability to implead a party in the transferee forum is misplaced.

Lastly, under the subtitle "Other Factors," the Court notes "Joe Herman spoke with the owner of Romedu Trucking, who acknowledged the mistaken removal of the trailer by his employee Arnulfo Rodriguez." *Id. at P. 9, Para. 1.* Defendants object to the consideration and inclusion of the foregoing statement as it too is a contested fact in this litigation. Moreover, the statement relied on by this Court is outside the evidentiary record made for purposes of the venue Motion. The contested factual statement cited by this Court is made in the response filed by Plaintiffs to Defendants Romedu and Mejia Motion for Summary Judgment, which is not before the Court for its consideration in ruling on the venue motion. Therefore, Defendants object to any reliance on this factually contested statement by this Court in rendering its decision.

**B.    Doctrines Of Equitable and Quasi-Estoppel Bar Plaintiff From Contradicting Its Original Venue Statement and Supports Keeping This Case Where It Was Originally Filed By The Plaintiff**

Defendants further object to the Court's apparent failure to consider Defendant's position that the Doctrines of Equitable and Quasi-Estoppel bar Plaintiff from contradicting its original venue statement herein and its assertions in its Tyler Complaint that supports keeping the case in the Southern District. Equitable estoppel precludes a person from asserting a right he otherwise would have because of an act, conduct or silence and is purely defensive in nature. *See, Forest Springs v. Illinois New Car and*

*Truck Dealers Ass'n Employees Insurnace Trust*, 812 F. Supp 729 (S.D. Tex. 1993). "The principle of quasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken." *Missouri Pacific R. Co. v. Harbison-Fischer Mfg., 26 F.3d 531, 537 (5th Cir. 1994).* Quasi-estoppel precludes party with knowledge of facts from taking a position inconsistent with his or her former position to the disadvantage or injury of another. *IT Corp. v. Motco Site Trust Fund, 903 F. Supp. 1106, 1127 (S.D. Tex. 1994).*

Plaintiff is bound by the judicial admissions made in its Original Complaint and is estopped under the doctrines of equitable estoppel and quasi- estoppel from taking a contrary position to the detriment of these Defendants. Plaintiff has admitted to this Court that "a substantial part of the events and omissions giving rise to the claim occurred in and around Brownsville, Cameron County, Texas." More importantly, in expressing its intent in its Tyler Division filing to transfer suit to Brownsville, Plaintiff apparently admits that under § 1404(a), justice and the convenience of the parties and witnesses would be better served in this division. Under the doctrine of equitable and quasi-estoppel, Plaintiff is bound by its judicial pleading. This Court should not allow Plaintiff to disavow its earlier sworn venue statement nor its position that § 1404(a) factors would dictate maintaining this case in the Southern District. To allow Plaintiff to do so would undermine the spirit of Rule 11 and the rule's emphasis on the duty of candor.

### C.    The Legal Standard for the Transfer of Venue Supports The Denial of Plaintiff's Transfer Request

The legal standard and current case law governing requests to transfer venue dictate that this case remain in the Brownsville Division.

### 1.    The Brownsville Division Is A Much More Convenient Forum For The Parties.

The Brownsville Division of the Southern District of Texas is a much more convenient forum for the parties. The Plaintiff has a main office in Brownsville, Texas. The Plaintiff's employees who would have knowledge regarding the incident in question would be employed out of the Plaintiff's Brownsville office. Defendant Auto Transportes is a Mexican Corporation with its principal place of business in Mexico. It maintains offices in Brownsville, Texas and in Brownsville's border town, Matamoros, Tamaulipas, Mexico. The individual defendants Rodriguez and Mejia are Mexican citizens who reside in Matamoros, Mexico. Moreover, the operative facts giving rise to this suit occurred in Brownsville and its neighboring border town, Matamoros, Mexico not in Tyler, Texas.

Therefore, trying the case in Tyler, Texas would require greater time and expense for all parties since all parties to this suit are located in Brownsville and/or its Mexican border town of Matamoros. Tyler is located 632.24 miles away from Brownsville, Texas. All parties would have to incur significant travel time and expense in traveling to Tyler, Texas from Matamoros and Brownsville. There are no direct flights from Brownsville to Tyler, Texas[1]. The parties and their Brownsville lawyers would be required to fly into Dallas, Texas, with a stop/lay over in Houston, Texas, and then be required to drive for 1 hour and 49 minutes from Dallas to Tyler, which is 97.88 miles away. Admittedly, it would be more convenient and less expensive for the Plaintiff to stay in Brownsville where Plaintiff's main office is located.

While courts do give some consideration to a plaintiff's choice of forum, the Southern District of Texas in at least two case has opined that it is clearly not the

---

[1] Information on flight availability was drawn from the World Wide Web pages for Continental Airlines and Southwest Airlines. Because the availability of these flights are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," Defendants ask this Court to take judicial notice of these facts. *See Federal Rule of Evidence 201.*

controlling or even the most important factor. *See Gundle Lining, 844 F. Supp. at 1165* (stating that choice of forum is not accorded decisive weight and is only one of many factors for the court to consider); *see also, Andrade v. Chojnacki,* 934 F. Supp. 817, 832 (S.D.Tex. 1996)(explaining that the plaintiff's choice of forum is not significant factor where the action has relatively little relationship to the chosen forum"). Moreover, should the Court find that the Plaintiff's choice of forum controls then this Court should find that Plaintiff is bound by the choice it made when it first filed. That is, Plaintiff chose to file this action in the Southern District of Texas and arguably acknowledged that Brownsville is a proper forum and further that §1404 factors were met when it pled that "DANNY HERMAN TRUCKING intends to move to transfer to this Court under 28 U.S.C. § 1404" the pending Tyler action. One must assume that at the time Plaintiff filed its suit, it properly exercised its venue privilege.

### 2. The Brownsville Division Is A Much More Convenient Forum For The Witnesses.

Courts have ranked the convenience of witnesses as the most important factor for the Court to consider. *Gundle,* 844 F.Supp. at 1166. However, it is the convenience of non-party witnesses, rather than that of employee or party witnesses, that is the more important factor and is accorded greater weight in a transfer of venue analysis. *Gundle*, 844 F. Supp. at 1166. In this case, Brownsville is undeniably a more convenient forum for the non-party witnesses.

Plaintiff argues that it would be more convenient for the corporate representatives of Team Air to try this case in Tyler. However, Team Air cannot be considered a non-party witness, as it is the named Plaintiff in the Tyler lawsuit that Danny Herman seeks to consolidate into. The real non-party witnesses in this case are the Mexican customs officials that seized the merchandise that was being transported into Mexico and whom Plaintiff conveniently failed to acknowledge. These individuals are located in Matamoros, Mexico on Brownsville's border and have knowledge

regarding the basis for the seizure, post-seizure negotiations, and related documentation. Undoubtedly, it would be more convenient and more likely for these witnesses to give their testimony in this cause if they are deposed in Brownsville, which is minutes away from the border, or in Matamoros rather than in Tyler located hundreds of miles away. Accordingly, Brownsville would be more convenient for these individuals with knowledge of relevant facts and for the Plaintiff itself.

### 3.    *The Availability Of Process For Unwilling Witnesses.*

Plaintiff argues that transfer is often granted in the Southern District where key non-party witnesses, such as employees of Team Air, reside over a hundred miles from the courthouse. *See Fed. R. Civ. P. 45 (100-mile limit on Court's subpoena power over witnesses outside district).* However, as noted above, the real non-party witnesses herein are the Mexican custom officials who seized the merchandise not Team Air nor its employees. The federal officials have material knowledge of the seizure and the basis thereof. The Mexican custom officials can be easily subpoenaed by employing local counsel in Matamoros to execute the necessary legal documents to compel testimony in Matamoros, minutes from the Brownsville border. In addition, the officials can be readily contacted by crossing into Matamoros from Brownsville to confer regarding scheduling of their depositions.

Arguably, Plaintiff did not feel that it would be a problem to compel Team Air to testify or appear in this cause since Plaintiff initially chose to file suit in this District and further indicated its desire to transfer Team Air's suit against it to Brownsville. *See, Exhibit A at Para. 11.* Consequently, to imply that Team Air representatives are "unwilling witnesses" who cannot be subpoenaed when they arguably have an interest in this subject matter of this suit is again disingenuous. Generalized allegations concerning the inconvenience of witnesses are insufficient to justify transfer.

Plaintiff additionally implies that the availability of process for Team Air employees is limited by the 100-mile rule. However, the merit of this argument is

complicated by the fact that Fed. R. Civ. P. 45 underwent a complete revision in 1991. One of the principal purposes of the revision was to enable courts to compel a witness found within the state where the court sits to attend trial. *See Fed. R. Civ. P. 45 advisory committee notes at Para 1; see also, Mohamed v. Mazda Motor Corp. 90 F.Supp.2d 757, 778 (E.D. Tex. 2000)(argument that witnesses over 100 miles from courthouse are beyond subpoena range is wrong).* Therefore, Plaintiff's argument has no merit.

### 4.    *Cost of Obtaining Witnesses*

As stated above, the core material witnesses in this cause live and work in Mexico and/or Brownsville. Further, the parties involved in this suit either maintain a place of business in Brownsville and Matamoros. For those material witnesses in Mexico and the Plaintiff, trying the case in Brownsville would eliminate the need to incur any costs of travel. Additionally, the Mexican custom officials can be readily deposed in Matamoros, which is readily accessible from Brownsville. Plaintiffs' own employees and other witnesses with knowledge of the events that occurred at Plaintiff's Brownsville yard would be located within Brownsville and/or the Southern District of Texas. To require these material witnesses to travel to Tyler, Texas would cause both parties to incur significant travel expenses, thus increasing the cost of obtaining the attendance of those witnesses. Therefore, the costs of obtaining witnesses strongly weighs in favor of keeping this cause in the Brownsville Division of the Southern District of Texas.

### 5.    *The Relative Ease Of Access to Sources of Proof.*

Documents relevant to Plaintiff's injuries arising out of the seizure of merchandise, which is the underlying basis of Plaintiff's claim, are located in Brownsville, and/or Matamoros. These documents would include any bills of lading, tickets, and customs processing and shipping papers. Plaintiff's local office would also have in its possession any documents relevant to the shipping of the merchandise to Mexico.

Further, based on information and belief, the merchandise and the trailer are located in Matamoros, Mexico.

In this case the relative ease of access to sources of physical and documentary evidence relevant documents weighs strongly in favor of keeping this cause in Brownsville.

### 6. Calendar Congestion

There is no reason to believe that keeping this cause in the appropriate forum will prejudice the parties. Plaintiff has presented no evidence that the disposition of this matter will be any slower in Brownsville or any faster in Tyler. Defendants are confident in this Court's ability to administer justice fairly and with reasonable dispatch. Neither the mere hope for speed nor an unsupported fear of delay weighs in favor of transferring this case.

### 7.    Where The Events In Issue Took Place.

As discussed *supra*, Plaintiff's claim arises out of a seizure of merchandise being transported by Defendants from Brownsville into Mexico. Plaintiff alleges that Defendants attached a cab to a loaded trailer of merchandise parked at Plaintiff's yard in Brownsville, Texas and allowed the trailer to be driven into Mexico without the proper paperwork. Mexican customs officials then seized the trailer and its contents. Plaintiff has admitted in its Original Complaint that "substantial part of the events or omissions giving rise to the claim occurred in and around Brownsville, Cameron County, Texas." Because the events that made the basis of Plaintiff's suit occurred in the Southern District and not in Tyler, it is appropriate for the Court to keep the case in the venue where the place of the alleged wrong occurred.   The only connection to Tyler is the proximity of Team Air's (the freight broker) principal place of business to Tyler, which Plaintiff contends is only 50.3 miles from Tyler.

## 8.    *The Interests of Justice In General.*

Plaintiff is a California corporation and maintains a place of business in Brownsville, Texas. The individual Defendants are citizens of Mexico and Auto Transportes is a Mexican corporation with its principal place of business in Mexico and an office in Brownsville. The alleged wrong forming the underlying basis of the claim occurred in Brownsville within the Southern District of Texas. Trying this case in Tyler would create the problems which section 1404(a) was designed to prevent: it would waste time, energy, and money and subject the parties, witnesses, and the public unnecessary inconvenience and expense. *See Gundle*, 844 F. Supp. at 1165 (noting that the purpose of section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense). Similarly, there is a strong judicial interest in resolving controversies in the place they arose. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 509 (1947).

It is clear that the Plaintiff has failed to carry its burden of demonstrating that a transfer is necessary to serve the interests of justices. To the contrary, the interests of justice require that this case be maintained in the district that has the most factual connection with the case and that, due to its geographical location, is the most convenient for all parties. To do otherwise would impose an obvious and unnecessary hardship on the Defendants and at least impliedly place a stamp of approval on a rather blatant attempt to forum shop.    Accordingly, the interests of justice would be better served by maintaining this case in the Southern District of Texas so that this controversy can be resolved in the place it arose.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court deny Plaintiff's Motion to Transfer Venue, allow this cause to continue to trial

in the Brownsville Division of the Southern District of Texas, and for such other such relief as Defendants may be justly entitled.

> Respectfully Submitted,
>
> RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
>
>
> By: _____
>      Jaime A. Saenz
>      State Bar No. 17514859
>      Joseph A. "Tony" Rodriguez
>      State Bar No. 17146600
>      1201 East Van Buren
>      Post Office Box 2155
>      Brownsville, Texas 78522
>      Telephone:  (956) 542-7441
>      Facsimile: (956) 541-2170
>
>      ***Attorneys for Defendants Auto Transportes Romedu, S.A. de C.V. and Romulo Mejia***

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2004, a true and correct copy of Defendants' Auto Transportes Romedu, S.A. De C.V. And Romulo Mejia Objections to the Magistrate Judge's Report and Recommendation was served on all counsel of record by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Texas Rules of Civil Procedure,

Igancio Torteya, III
Torteya & Torteya, P.L.L.C.
700 E. Washington Street
Brownsville, Texas 78520

Jeffrey T. Lucky
Hicks & Lucky, P.C.
5812 Cromo Drive
El Paso, Texas 79912-5502

_____
Jaime A. Saenz