

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 6 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DANNY HERMAN TRUCKING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-03-111 |
| v. | § | |
| | § | |
| AUTO TRANSPORTES ROMEDU, S.A. | § | |
| DE C.V., ROMULO MEJIA, | § | |
| Individually, and ARNULFO AMADOR | § | |
| RODRIGUEZ, Individually, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF DANNY HERMAN TRUCKING, INC.'S RESPONSE TO DEFENDANTS ROMEDU AND MEJIA'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

1. Plaintiff DANNY HERMAN TRUCKING, INC. ("Plaintiff") files this response to Defendants AUTO TRANSPORTES ROMEDU, S.A. DE C.V. ("ROMEDU") and ROMULO MEJIA ("MEJIA") (collectively "Defendants")'s objections to the Magistrate Judge's Report and Recommendation that this case be transferred to Tyler, Texas.

**I.**

2. Defendants object to the following statement in the Magistrate's report:

> On or about May 15, 2001, while the trailer of merchandise was awaiting transport, it was erroneously taken by a driver, believed to be Rodriguez, an employee of Romedu and Mejia, across the border back into Mexico where it was seized by government authorities.

*Magistrate's Report, P. 1, § 1, ¶ 1, Lines 6-8.* Defendants dispute that Rodriguez is their employee and "object to any weight and consideration the Court may have afforded this contested fact in rendering its opinion." *Defendants' Objections, P. 3, § II.A, ¶ 2, Lines 8-9.*

3.   This objection should be overruled because Rodriguez's employment status is wholly irrelevant to the issue of venue transfer and was not among the factors considered in favor of or against transfer. As set forth in the Magistrate's report, the factors considered included: (a) Plaintiff's choice of forum; (b) convenience of non-party witnesses; (c) Danny Herman's impleading of Romedu as a third party in the Tyler case, *Magistrate's Report, P. 9, ¶ 3, Lines 2-3*; (d) cost and convenience of attendance of parties and party witnesses; (e) location of books and records; (f) the possibility of delay and prejudice due to docket congestion; and (g) location of counsel, *id., ¶¶ 1-2*.

## II.

4.   Defendants further object to the following statement in the Magistrate's report:

> On August 8, 2003, Danny Herman filed a third party action in the Tyler case against Romedu, but was unable to serve Romedu with process and counsel refused to accept service on their behalf.

*Magistrate's Report, P. 2, § II.A,, ¶ 2, Lines 4-6*. Defendants neither contend this statement is false in any way, nor deny Defendants' counsel refused to accept service. Rather, Defendants merely point out that a party's attorney is not required to accept service in a separate action, and Defendants' sole objection is to any implication that Defendants' counsel acted in bad faith or outside the scope of the Federal Rules of Civil Procedure.

5.   This objection should be overruled both because nothing in the Magistrate's report implies counsel acted in bad faith or outside the rules and because whether or not a party's attorney is required to accept service in a separate action is wholly irrelevant to the issue of venue transfer and was not among the above-listed factors considered in the Magistrate's report. *See ¶ 3 above.*

### III.

6.     Defendants further object to the following statement in the Magistrate's report:

> Joe Herman spoke with Romulo Mejia, owner of Romedu Trucking, who acknowledged the mistaken removal of the trailer by his employee Arnulfo Rodriguez.

*Magistrate's Report, P. 9, ¶ 1, Lines 7-9.* Defendants dispute that Mejia made such an acknowledgment and object to the statement's inclusion in the Magistrate's report on that basis. However, the conversation between Joe Herman and Romulo Mejia was not cited for the truth of what was said, but rather to illustrate that a key party witness, Joe Herman, President of Danny Herman Trucking, has relevant testimony to offer in this case.

7.     This objection should be overruled because it was not improper to consider the nature of testimony to be offered by a key party witness in evaluating whether venue should be transferred. Moreover, the Magistrate's report concluded that the cost and convenience of Joe Herman's attendance at trial favored neither forum, as "[i]t would be just as inconvenient for Joe Herman to travel to Brownsville as it would be for him to travel to Tyler," *Magistrate's Report, P. 9, ¶ 1, Lines 9-10,* and thus this particular factor played no role in the Magistrate's recommendation to grant the transfer.

### IV.

8.     The balance of Defendants' points on Pages 4 through 12 should be disregarded. No further objections to the Magistrate's report are made; rather, Defendants simply repeat exactly the same points raised in their prior response to the motion to transfer. Because each of these points has already been duly considered and ruled on by the Court, they merit no further consideration.

## V.

## PRAYER

9. WHEREFORE, Plaintiff DANNY HERMAN TRUCKING, INC. prays that this Honorable Court overrule Defendants' objections to the Magistrate Judge's Report and Recommendation and order this suit transferred to the United States District Court for the Eastern District of Texas, Tyler Division, in accordance with this Court's Order signed on January 26, 2004, and for such other and further relief to which it may be justly entitled at law or in equity.

Dated on February 6, 2004.

Respectfully submitted,

TORTEYA & TORTEYA, P.L.L.C.

By: _____
IGNACIO TORTEYA, III
State Bar No. 00795685
Fed. I.D. No. 20917
700 E. Washington Street
Brownsville, Texas 78520
(956) 550-8373
FAX (956) 550-8353

**HICKS & LUCKY, P.C.**
**JEFFREY T. LUCKY**
State Bar No. 12667350
5812 Cromo Drive
El Paso, Texas 79912-5502
(915) 834-8400
FAX (915) 587-8401

**Attorneys for Plaintiff**
**DANNY HERMAN TRUCKING, INC.**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I certify that on the above date a true and correct copy of the foregoing document was delivered via hand delivery, to Jaime A. Saenz, Rodriguez, Colvin & Chaney, L.L.P., 1201 East Van Buren, P.O. Box 2155, Brownsville, Texas 78522, Attorney for Defendants ROMEDU and MEJIA.

_____
IGNACIO TORTEYA, III